## JENS JOHNSEN v. S. L. WINEMAN.

(157 N. W. 679.)

**Controversy — arbitration — parties may submit to — common-law right — remedies — cumulative.**

    1. Notwithstanding the provisions of the Code (Compiled Laws, §§ 8327–8347), parties in difference may agree orally to submit their controversy to arbitration. The common-law right to arbitrate is not supplanted by the Code, the remedies being merely cumulative.

**Supreme court — trial de novo — mechanic's lien — action to foreclose — contract — extras furnished — arbitration — award — supersedes contract.**

    2. Upon a trial *de novo* in the supreme court, of an action to foreclose a mechanic's lien for an alleged balance claimed to be due plaintiff on a building

---

Note.—Arbitration agreements, their validity, and binding force, are extensively discussed in note in 47 L.R.A.(N.S.) 337, and among other topics see page 346, taking up the matter of oral submissions and giving cases holding them valid; page 342, discussing the change of the court's early attitude of jealousy to the modern view and practice of the encouragement of the settlement of disputes by arbitration; and page 441, taking up the finality of the award made.

As to agreements to submit disputes to arbitration, see also notes in 14 Am. Dec. 296, and 2 Am. St. Rep. 566.

contract and for extras furnished, the undisputed proof discloses that the parties orally agreed to submit all their differences to three arbitrators, and that pursuant thereto all such matters of difference were in fact thus submitted, and the arbitrators rendered an award.

*Held,* that such award is valid and operated in law to supersede plaintiff's cause of action on the contract, and the action was therefore properly dismissed.

**Arbitration — courts — favored by.**

3. Settlement of disputes by arbitration is favored by the courts.

**Arbitration — award — agreement to abide by — scope of — intention of parties.**

4. After the award was made, but before it was published, the parties, without knowledge of its terms, signed a written agreement to abide thereby as follows: "We hereby agree to accept and abide by the above report rendered by the arbitrators in full settlement of contract extras and payments of claims arising from the same." The contention that in signing this the parties thought the award merely covered the extras is, for reasons stated, untenable.

Opinion filed March 24, 1916.   Rehearing denied April 29, 1916.

Appeal from District Court, Ramsey County, *Buttz,* J.

From a judgment in defendant's favor, plaintiff appeals.

Affirmed.

*Laureas J. Wehe (Chas. D. Kelso,* of counsel), for appellant.

An award of arbitrators that does not follow and comply with the law is not a valid statutory award. The award was not acknowledged. Gessner v. Minneapolis, St. P. & S. Ste. M. R. Co. 15 N. D. 560, 108 N. W. 786; Code of Civ. Proc. 1913, § 7321.

Arbitration and award constitute a contract. District of Columbia v. Bailey, 171 U. S. 161, 43 L. ed. 118, 18 Sup. Ct. Rep. 868.

From the agreement to submit must be gathered the contract of the parties as to the matters in dispute and actually submitted. Fooks v. Lawson, 1 Marv. (Del.) 115, 40 Atl. 661; 3 Cyc. 587, 588, 638, 639, 640, 670, "award defined."

A material mistake in the purpose of an award is ground for annulment. Donaldson v. Buhlman, 134 Wis. 117, 113 N. W. 638, 114 N. W. 431; Consolidated Water Power Co. v. Nash, 109 Wis. 490, 85 N. W. 485.

There was no statutory offer of judgment, and hence the rule that costs are denied when the recovery is not greater than the offer does not apply. Comp. Laws 1913, § 5815.

Conclusions of law must be drawn from and based upon true findings of fact. Seim v. Krause, 13 S. D. 530, 83 N. W. 583.

*Middaugh & Hunt*, for respondent.

The method of settling disputes by arbitration and award is favored by the law and by the courts. Comp. Laws 1913, § 8345; Caldwell v. Brooks Elevator Co. 10 N. D. 575, 88 N. W. 700; 2 Am. & Eng. Enc. Law, 2d ed. 766; New York Lumber & Wood Working Co. v. Schnieder, 119 N. Y. 475, 24 N. E. 4; Call v. Ballard, 65 Wis. 188, 26 N. W. 547; Hackney v. Adam, 20 N. D. 130, 127 N. W. 519.

Common-law arbitration, even where had in jurisdictions authorizing a judicial or statutory arbitration, is proper and valid. The remedies are merely cumulative. 3 Cyc. 800; Galloway v. Gibson, 51 Mich. 135, 16 N. W. 310; Foust v. Hastings, 66 Iowa, 522, 24 N. W. 22; Conger v. Dean, 3 Iowa, 463, 66 Am. Dec. 93; Fink v. Fink, 8 Iowa, 313; Love v. Burns, 35 Iowa, 150; Kreiss v. Hotaling, 96 Cal. 617, 31 Pac. 740; Sawyer v. McAdie, 70 Mich. 386, 38 N. W. 292.

Arbitration and award supersede a contract upon which a mechanic's lien is based, and the action is properly brought on the award. New York Lumber & Wood Working Co. v. Schnieder, 119 N. Y. 475, 24 N. E. 4; People ex rel. Union Ins. Co. v. Nash, 111 N. Y. 310, 2 L.R.A. 180, 7 Am. St. Rep. 747, 18 N. E. 630.

The award is a bar to an action on the original claim. Wiberly v. Matthews, 91 N. Y. 648; Ott v. Schroeppel, 5 N. Y. 482; Unterrainer v. Seelig, 13 S. D. 148, 82 N. W. 394.

The terms of the award are sufficiently inclusive to indicate that the entire controversy was considered, and, in fact if the award itself did not indicate this, the evidence shows it and the discrepency is not material. 3 Cyc. 677–702.

Fisk, Ch. J. Action to foreclose a mechanic's lien. The complaint is in the usual form, claiming a balance due on the contract of $354.73 and $238.37 for alleged extras furnished at defendant's request, and praying for a foreclosure of the lien. The answer, among other things, alleges damages for delay in completing the contract at the rate of $5 per day from November 15, 1912, to April 1, 1913, or a total of $675, such damages having been stipulated for in the contract. It further alleges that pursuant to agreement all matters of difference between the

parties were submitted to arbitration, and an award was made finding a balance due plaintiff of only $1.14, which has been paid. The answer also contains a counterclaim for damages in the said sum of $675 for the delay in completing the contract as aforesaid, to which counterclaim plaintiff filed a reply denying the same.

At the conclusion of the trial the district court, among other things, found the following facts:

That on or about April 1, 1913, plaintiff and defendant being in controversy regarding the satisfactory condition of the work and completion of said contract, certain amounts claimed for extra work done upon said building by plaintiff, damages occasioned defendant by plaintiff's failure to complete the work in a satisfactory manner, and within the time required by the contract, and the amount claimed to be due plaintiff by defendant, and other differences and disputes arising between them, entered an agreement to submit the entire controversy and all differences between them to three arbitrators,—one to be selected by the plaintiff, one by defendant, and the third by the two first chosen, who should act upon all matters of difference between plaintiff and defendant arising out of said work, and strike a balance between them, and in pursuance of said agreement to submit to arbitration three arbitrators were chosen in the manner aforesaid, who fully and fairly considered all matters of difference and dispute between plaintiff and defendant, having listened to claims and complaints of each party, and having carefully inspected the work and all matters involved or growing out of said work and contract, and having completed their work, and on March 29, 1913, being in readiness to make an award which was then in writing but not disclosed to the parties, the plaintiff and defendant in their presence again agreed in writing to which their names were respectively subscribed by them (on the bottom of the same paper on which such award was written) to abide by and accept whatever award should be made by said arbitrators, both plaintiff and defendant agreeing and understanding that said award then in writing, to which they attached their agreement, should determine the entire matter of controversy between them, and said arbitrators did thereupon and on March 29, 1913, make an award, and notified plaintiff and defendant thereof, and published said award, by the terms of which it was found

that there was a balance due to the plaintiff from the defendant of the sum of $1.14, and the court finds that the amount so found to be due plaintiff by the arbitrators has been paid to plaintiff by defendant. That it was agreed by the parties that said arbitrators should decide and determine all questions and differences between them, and not the matter of extra work alone.

## VII.

That the plaintiff performed extra work, for which he is entitled to reasonable compensation outside of the regular contract price; the nature and amount of said extra work and its reasonable value as found by the court is as follows, and, together with the contract price, shows the total credits due to the plaintiff in the account as stated by the court:

| | |
|---|---:|
| Contract price | $4,029.00 |
| Boxing sewer pipe | 3.64 |
| Frame and door—switch—electric lights | 3.60 |
| Treads and raisers, front stairs | 30.50 |
| One screen door | 2.50 |
| Angle iron for windows | 20.80 |
| Hanging window, toilet room | 2.00 |
| Moving skylight, allowed at | 10.00 |
| Varnishing stairs | 12.00 |
| Total credits to Johnsen | $4,114.04 |

That the foregoing items of extra work include all additional or extra work and compensation, to which the plaintiff is entitled to a credit upon the contract; that the plaintiff claims to be entitled to other items of extra work, and the same are made a part of the statement of lien filed and claimed by him, but the court finds that none of said other items are proper credits to be allowed to the plaintiff.

## IX.

The court finds as credits due the defendant, including the amount of payments on the contract for all of the foregoing, the following:

| | |
|---|---|
| Payments made to date | $3,734.43 |
| Damage to floor | 100.00 |
| Rental lost | 150.00 |
| Ceiling | 15.00 |
| Prism light over area not used | 82.00 |
| Total credits to Wineman | $4,081.43 |

And the court finds that, in addition to the said total sum of credits above, defendant is entitled to a balance for deficiency as above stated in iron stairway, bulletin board, and window areas which exceeds the balance of $2.61 in plaintiff's favor.

## X.

That because of the submission to arbitration and the agreement to abide thereby, the award of the arbitrators and the acceptance and performance thereof by defendant, defendant is not indebted in any sum whatsoever to the plaintiff.

The court further finds that on the merits, and having examined the items of difference and claims of the respective parties, and stated an account between them, that the defendant is not indebted to the plaintiff in any sum whatsoever.

Pursuant to these findings the court made conclusions of law favorable to defendant and entered judgment accordingly. From such judgment plaintiff has appealed, specifying that he desires a trial *de novo* of the entire case in this court.

We are convinced, both on the merits and because of the award of the arbitrators, that the judgment is right and must be affirmed. We choose to place our decision, however, upon the latter ground only, and will proceed to give as briefly as possible our reasons for adjudging that

the award returned by the arbitrators constitutes a barrier to plaintiff's recovery. We take it to be well settled that the award, if valid, supersedes plaintiff's recovery on the contract or for extras. Wiberly v. Matthews, 91 N. Y. 648; New York Lumber & Wood Working Co. v. Schnieder, 119 N. Y. 475, 24 N. E. 4.

Is the award valid and enforceable? The answer depends upon whether in this state there may be a common-law arbitration, or, in other words, whether the statutory provisions are exclusive, it being conceded that the proceedings failed to conform with the statutory prerequisites. The question is one of first impression in this jurisdiction, but it has often arisen and been decided in the courts of sister states. The statutory provisions relative to arbitration are embraced in chapter 40, Code of Civil Procedure, being §§ 8327–8347 inclusive, Compiled Laws. It is important to note the provisions of § 8345, which reads as follows: "Nothing in this chapter shall be construed to impair or affect any action upon an award or upon any bond or other engagement to abide by an award."

It seems to be almost the unanimous voice of the authorities that the statutory provisions are not exclusive, but merely cumulative, to those at common law, and that an award will be upheld if it is sufficient at common law. We shall not attempt a citation of the many authorities. They may be found collected in 5 C. J. page 19, note 20. The author of the above article on Arbitration and Award, in this great treatise, says: "Usually the statutory provisions regulating the subject of arbitration in the various states refer to the remedy for the enforcement of the award, and, unless by express terms or necessary implication they abrogate the common law on the subject, parties are still at liberty to enter into a submission as at common law." Section 8345, Compiled Laws, supra, evinces a legislative intent in harmony with the general rule as announced by the authorities. We entertain no doubt that the statutory and common-law proceedings relating to arbitration and award are merely cumulative in this state, and we accordingly so decide. In addition to the above authorities, see: 2 R. C. L. page 353, and cases cited; 3 Cyc. 586; Lilley v. Tuttle, 52 Colo. 121, 117 Pac. 896, Ann. Cas. 1913D, 196.

We have considered the general Code provisions in § 7321, Compiled Laws, cited and relied on by appellant's counsel in support of his con-

tention, but we do not deem them controlling. Of course, wherever the common law necessarily conflicts with our Code, the latter must govern, but, as we view it, there is no necessary conflict between the Code and the common-law proceedings with reference to arbitration.

It is well settled that courts favor the settlement of disputes by arbitration. Hackney v. Adam, 20 N. D. 130, 127 N. W. 519; Caldwell v. Brooks Elevator Co. 10 N. D. 575, 88 N. W. 700.

But it is next asserted by appellant that the award cannot stand because it is broader than the subsequent agreement to abide thereby. Such contention must be overruled. The trial court found that the parties agreed to submit to the arbitrators all matters in dispute between them, and that in fact all such matters were considered and determined by them. Indeed, the testimony is undisputed that such was the agreement. Even plaintiff testifies that they submitted everything to the arbitrators for them to strike a balance. He contends, however, that the written agreement to abide by the award upon its face shows that they thought that it merely covered the extras. Such agreement was signed by both parties before the award was published or its contents made known to either party, and it is as follows: "We hereby agree to accept and abide by the above report rendered by the arbitrators in full settlement of contract extras and payments of claims arising from the same." This contention is likewise devoid of merit, and is evidently an afterthought. If a comma was inserted, as it should have been, after the word "contract," the real intent of the parties would perhaps appear more clearly. It is manifest that both parties intended that the award should settle all differences. Appellant's construction of the language leads to an absurdity. He would have us read the word "contract" as there used as though it were an adjective qualifying the noun "extras," but this construction is farfetched and unwarranted. The contract for the building did not stipulate for *"contract extras,"* to be furnished, but it merely anticipated a contingency whereby extras *might* be furnished.

Nor do we deem appellant's contention sound, to the effect that the arbitrators arrived at their award by allowing respondent credit under the forfeiture clause of the contract stipulating damages at the rate of $5 per day for the delay in completing the work. The testimony of the witness, Halliday, one of the arbitrators, negatives such fact. He

testified that they refused to abide by the forfeiture clause, and the amount of the award lends support to his testimony. In making the above statements we do not wish to be understood as holding that such so-called "forfeiture clause" is invalid. Whether it should, in a proper case, be enforced as a reasonable stipulation fixing the measure of damages for delay, we are not here required to decide, and we therefore withhold any expression of views thereon.

The contention that the award has not been paid is also without merit, the proof showing that respondent paid out for plaintiff, after the award was published, the fees of all the arbitrators, and was obliged to and did pay and satisfy certain other claims which plaintiff should have paid.

The judgment is correct, and is accordingly affirmed, with costs.

On Petition for Rehearing filed April 29, 1916.

FISK, Ch. J. A petition for a rehearing has been filed, which, upon its face and at first blush, would appear to have some merit. However, upon mature reflection we are convinced that the points urged therein are wholly untenable; but in denying the petition we deem it proper to state our views briefly.

It will be noticed that we expressly based our decision upon the sole ground that, having submitted all their differences to arbitration and the award being valid, the parties are thereby forever concluded.

It is now strenuously insisted by counsel that we committed error in stating that, according to the testimony of the witness Halliday, the arbitrators in arriving at their award did not give respondent credit under the so-called forfeiture clause of the contract stipulating damages at the rate of $5 per day for delay in completing the contract; and we are also criticized for thus delving into the merits in the face of our holding that all controversy between the parties was foreclosed by the award. But the above statement was prompted by appellant's contention to the contrary, and all we meant was that the arbitrators, as a matter of fact, declined to allow the sum asked by respondent under such clause, and for such delay they merely allowed the sum of $150. The method by which they arrived at such allowance is not in the least material, there existing no ground for impeaching the award. The parties selected such

tribunal, and concededly submitted all matters of difference to it, and under the law the arbitrators were vested with jurisdiction to decide all questions of law, as well as fact, and even if they had allowed $5 per day for the full period of the delay, such allowance would, nevertheless, be binding in the absence of fraud or mistake. As stated in 2 R. C. L. 386: "Their decision on matters of fact and law is conclusive, and all matters in the award are thenceforth *res judicata*, on the theory that the matter has been adjudged by a tribunal which the parties have agreed to make final, a tribunal of last resort for that controversy." (Citing numerous cases.) See also 5 C. J. pages 179–183 and cases cited. Counsel cites six cases in his petition in support of his contention that the award will be avoided or may be modified for a mistake in law made by the arbitrators. We have examined these authorities, and, with the possible exception of one or two, they support the rule stated in Ruling Case Law and Corpus Juris, above cited. To substantiate this assertion we quote briefly from two of the authorities cited. Squires v. Anderson, 54 Mo. 193, contains the following statement in the opinion: "It is insisted by the plaintiff that the arbitrators had full power to judge and decide both as to the law and the facts of the case, and that their award is final and conclusive on the parties. This may be, and is, true in reference to matters coming within the scope of the authority given them by the submission. But if they assume to act on questions not submitted, or fail to follow the directions in the submission in a material point, their award in reference to such matters will not be binding, either on questions of law or of fact." In Walker v. Walker, 60 N. C. (1 Winst. L.) 259, the syllabus reads: "An award is avoided by a mistake in law by an arbitrator as to what is submitted to his decision. But when arbitrators act within the bounds of their authority, their decisions on questions of law and of fact are binding on the parties, unless the arbitrators acted corruptly or committed gross errors."

Counsel relies, all through his petition, upon the assumption that the clause stipulating for the allowance of $5 per day for delay in completing the contract is void because it provides for a penalty instead of for liquidated damages. While, as stated in the opinion, this question is not before us for decision, and we do not decide the point, we respectfully refer counsel to the authorities cited in the elaborate note to the

case of Webster v. Bosanquet, Ann. Cas. 1912C, 1019, and especially to the cases cited at page 1027. See also Ward v. Hudson River Bldg. Co. 125 N. Y. 230, 26 N. E. 256; and 8 R. C. L. 569.

The petition is denied.