### R. C. COPNEY v. W. M. PARKS.

(Filed 13 October, 1937.)

**Arbitration and Award § 1—Uniform Arbitration Act does not exclude common-law remedy of arbitration.**

> The Uniform Arbitration Act. ch. 94, Public Laws of 1927, N. C. Code, 898 (a) (x), does not exclude the common-law remedy of arbitration, but is cumulative and concurrent thereto, and the act does not prevent the parties to a controversy from contracting by parol to submit their differences to arbitration in cases where a parol agreement on the subject matter would be enforceable, and an award reached under the parol agreement to arbitrate will not be invalidated by reason of failure to follow in all respects the method and procedure prescribed by the statute.

APPEAL by defendant from *Daniels, J.,* at April Term, 1937, of WAYNE. No error.

Plaintiff's action was instituted to enforce an award made pursuant to an agreement to arbitrate a disputed account between the parties.

Plaintiff alleged and offered evidence tending to show that he was a half-share tenant on land of the defendant during the year 1935, that a controversy arose as to the settlement of accounts and proceeds of sale of crops, and that a parol agreement was entered into between them to submit all papers, books, accounts, and evidence to Henry H. Brown as arbitrator to determine and settle the matter, they to be bound by his award.

That, in accordance with this agreement, the arbitrator considered all the evidence and records submitted by both sides, and found that the defendant was indebted to plaintiff in the sum of $340.90, and made his award in writing to that effect.

Defendant denied that he entered into an arbitration agreement, and denied that he was indebted to the plaintiff in any amount.

Appropriate issues were submitted to the jury, who found for their verdict that an agreement to arbitrate their differences was entered into between the parties, as alleged in the complaint, and that, as set out in the award, the defendant was indebted to plaintiff in the sum of $340.90.

From judgment on the verdict defendant appealed.

*Scott B. Berkeley for plaintiff, appellee.*
*Fred P. Parker, Jr., and W. A. Deeds for defendant, appellant.*

DEVIN, J. The defendant concedes that there was evidence to support the verdict, but contends that by chapter 94, Acts of 1927, known as the

Uniform Arbitration Act, an exclusive method for the determination of matters by arbitration was prescribed, and that plaintiff's action to enforce an award based upon a parol agreement, not in accordance with the act, cannot be maintained.

The Uniform Arbitration Act of 1927 (codified in Michie's N. C. Code as secs. 898 [a] to 898 [x]) provides that: "Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this article, any controversy existing between them at the time of the agreement to submit. Such an agreement shall be valid and enforceable, and neither party shall have the power to revoke the submission without the consent of the other party or parties to the submission save upon such grounds as exist in law or equity for the rescission or revocation of any contract." Other sections of the act prescribe the procedure and contain provisions for the enforcement of the award.

This act was considered by this Court in *Andrews v. Jordan,* 205 N. C., 618. In that case it was said, *Clarkson, J.,* speaking for the Court: "The parties to this controversy did not submit it to be arbitrated in conformity with the provisions of this article. The action was pending in the Superior Court, and referred by the court to a referee when the agreement to arbitrate was entered into. If the defendant intended that the Uniform Arbitration Act and its provisions should apply, it should have been written into the agreement to arbitrate."

At common law no particular form was necessary for the submission of a controversy to arbitration, and the agreement therefor was not required to be in writing in those cases where the subject matter was such that a parol agreement would be enforceable.

While there is some support in other jurisdictions for the view that statutory provisions for arbitration exclude the common law remedy for the settlement of disputes by arbitration, it has been generally held that statutes relating to arbitration, unless expressly exclusive of other methods, do not abrogate the common-law right, by contract, to submit matters in controversy to arbitration, and that the statutory methods of arbitration are to be regarded merely as constituting an enlargement on the common-law rule, and that the provisions of the statute are cumulative and concurrent rather than exclusive. *Fuerst v. Eichberger,* 224 Ala., 31; *Gannon v. McClannahan,* 204 Ky., 67; *Johnsen v. Wineman,* 34 N. D., 116; *Isaac v. Ins. Co.,* 301 Pa., 351; *Ezzell v. Rocky Mt. Co.,* 76 Col., 409; *Utah Construction Co v. Railway Co.,* 174 Cal., 156; 6 Corpus Juris Secundum, 134; 3 American Jurisprudence, 838.

We conclude that upon reason and authority, the Uniform Arbitration Act does not prevent parties to a controversy from contracting by parol,

in proper cases, to settle their differences by the simple and speedy method of arbitration, and that the award may not be invalidated by reason of failure to follow in all respects the method and procedure prescribed by the statute.