THOMASVILLE CHAIR COMPANY v. UNITED FURNITURE WORKERS OF AMERICA, AFFILIATED WITH THE CONGRESS OF INDUSTRIAL ORGANIZATIONS, LOCAL No. 286.

(Filed 13 December, 1950.)

**1. Arbitration and Award § 1a—**

The provisions of G.S. 1-544 *et seq.* are cumulative and concurrent to common law arbitration.

**2. Arbitration and Award § 13—**

An award is always open to attack on the ground that arbitrators exceeded their powers.

**3. Same—Decision of arbitrators held within the terms of the arbitration agreement and of the particular grievance submitted to them.**

The agreement between the employer and the union provided that holidays specified should be considered as eight hours worked in computing any work week, and stipulated two days holiday at Christmas. On the year in question Christmas fell on Sunday, and the 25th and 26th of December were designated as the two day Christmas Holiday. Upon dispute as to whether the Sunday of Christmas should be included in computing the work week, the matter was referred to arbitrators under the contract which provided for arbitration of any differences arising in the construction of the agreement. *Held:* The decision of the question was within the terms of the agreement and of the particular grievance submitted to the arbitrators, and therefore the decision of the arbitrators is final and binding upon both parties.

**4. Same—**

In determining the validity of the decision of arbitrators the question is not whether they acted wisely but whether they went beyond the limits established by the agreement between the parties, and a decision within the terms of the agreement to arbitrate and the particular grievance submitted to them is final and binding upon both parties.

APPEAL by plaintiff from *Sink, J.,* May Term, 1950, of DAVIDSON. Affirmed.

The Thomasville Chair Company filed with the court its motion-complaint for an order vacating, modifying or correcting an award of a Board of Arbitration which had been constituted under the collective bargaining agreement between the Chair Company and the United Furniture Workers of America, Local No. 286, hereinafter called the Union.

The agreement between the Chair Company and the Union contains the following pertinent provisions: "Article VIII, Section 1: Time and one-half regular rate of pay shall be paid for all hours worked in excess of forty (40) hours in any workweek. Any holidays enumerated in Article IX, when not worked, shall be considered as eight (8) hours 'worked' for the purpose of computing the 40 hours in any workweek."

"Article IX. The following holidays will be observed: Easter Monday, July Fourth, Labor Day, Thanksgiving Day, and two (2) days at Christmas. Employees will work on these holidays if requested and will be paid time and one-half for work performed on such holidays. This provision shall not apply to firemen, watchmen, and maintenance employees who are employed with the understanding and agreement that work on holidays is a regular part of their workweek."

The agreement further declares that in the event of a grievance or dispute as to the interpretation and application of any of its provisions the question may be submitted to arbitration by three arbitrators, one to be appointed by the Company, one by the Union, and a third to be designated by the American Arbitration Association. The Board of Arbitrators is empowered to hear the evidence, find the facts and render its award based thereon, the decision and award to be final and binding upon both parties. Section 4, of Article V, specifically provides that "the Board at all times shall be governed by the terms of this agreement and shall have no power or authority to change the agreement in any respect, or to add to, or take away from its terms."

On 12 January, 1950, the Union filed with the Company the following written grievance: "In accordance with Article VIII, section 1, of the agreement which reads in part, 'Any holidays enumerated in Article IX, when not worked, shall be considered as eight hours "worked" for the purpose of computing the 40 hours in any workweek.' And further in accordance with Article IX, 'The following holidays shall be observed . . ., two days at Christmas.' The Union contends that there should have been considered as worked two days (16 hours) in computing the 40-hour workweek for the Christmas Week. The Union asks that where this was not done, it be corrected." To this the Company replied: "Request of the Union for 16 hours credit towards computing 40 hours in the workweek ending December 30, 1949, is denied."

Thereupon on request of the Union a Board of Arbitrators was duly constituted as provided in the agreement. The arbitrators, after hearing

the evidence and contentions of the parties, rendered an award signed by a majority of the arbitrators, including the chairman, to which one arbitrator dissented.

The Board of Arbitrators found that the regular pay roll week extended from Sunday to Saturday, inclusive, and that the regular workweek, with some exceptions, was from Monday to Friday, and that the Company had designated Sunday and Monday, December 25 and 26, as the two-day Christmas holiday period, and had credited the workers only with Monday, December 26, not worked, as 8 hours "worked" in computing the 40-hour workweek; and that the Union contended that the contract called for the observance of two days at Christmas which would entitle the worker to two days or 16 hours, rather than 8, in computing the 40-hour workweek to determine the amount of overtime.

The arbitrators were of opinion that the 40-hour workweek is referred to in the agreement merely as the point at which the time and one-half rate goes into effect, and that as it further provides that any holiday when not worked shall be considered as 8 hours "worked," it was not the intent of the contracting parties as expressed in the agreement to exclude Sunday and Christmas Day from being considered a holiday. A majority of the arbitrators decided the demand of the Union should be allowed.

The movant-plaintiff Thomasville Chair Company moved the court to issue an order vacating or modifying the award. In the hearing before Judge Sink this motion was denied, and judgment was rendered affirming the award of the arbitrators and directing compliance therewith by the movant-plaintiff.

*Brooks, McLendon, Brim & Holderness, Don A. Walser, and B. G. Gentry for plaintiff, appellant.*

*Weinstock & Tauber and Ford Meyers for defendant, appellee.*

DEVIN, J. No procedural question is raised. No facts are in dispute. The only ground upon which the award of the arbitrators is attacked by plaintiff's motion or action is that the award is not within the scope of the agreement and that the arbitrators exceeded their powers.

The arbitration in this case was not instituted under the provisions of the statute, G.S. 1-544, *et seq.,* but it was said in *Copney v. Parks,* 212 N.C. 217, 193 S.E. 21, "that the statutory methods of arbitration are to be regarded merely as constituting an enlargement on the common-law rule, and that the provisions of the statute are cumulative and concurrent rather than exclusive." In any event an award is always open to attack on the ground that the arbitrators exceeded their powers. It is from the agreement that the arbitrators derived their authority. *Farmer v. Wilson,* 202 N.C. 775, 164 S.E. 356.

The power and authority of the arbitrators here was limited by the terms of the agreement and the grievance submitted, and the scope of the inquiry and decision must be determined in accord with that standard. The question is not whether the arbitrators decided wisely but whether they went beyond the limits established by the agreement between the Company and the Union. The agreement specifically provides that any dispute as to the interpretation or application of its terms may be submitted to arbitration, and that the arbitrators selected in the manner prescribed shall be governed by the terms of the agreement.

The collective bargaining agreement between the Company and the Union enumerates among the holidays to be observed "two days at Christmas." Under the contract, when no work is performed on a holiday, the eight hours of that day nevertheless are counted in computing the 40-hour workweek, and if when added to the hours of work on other days of the workweek they exceed 40 hours the employee is entitled to time and one-half pay for all hours over 40. Ordinarily the workweek observed by the Company extended from Monday through Friday.

In 1949 Christmas Day fell on Sunday. It appears that at the factory of the Company for the calendar week beginning December 25 no work was performed on Sunday the 25th or Monday the 26th, but that nine (9) hours' work was performed on each remaining day of the week, that is, the 27th, 28th, 29th, and 30th. This would make 36 hours actually worked, and the Union contended that credit for the two holidays which the contract specified at Christmas should be added, making 52 hours for the week, or 12 hours overtime for which the employees would be entitled to time and one-half regular rate of pay. The Company's contention was that, Sunday did not fall within the workweek period of Monday to Friday and should not be counted as a credit in computing overtime pay, and hence that only 8 hours for Monday the 26th could be added to the 36 hours actually worked to bring the total to 44.

The question, then, was whether under the agreement employees were entitled to have two days at Christmas considered as 16 hours "worked" in computing the 40 hours in the workweek to determine overtime pay, as contended by the Union, or whether only one day, or 8 hours could be credited for that purpose. The Company contended the latter interpretation should be adopted for the reason that according to the intent and purview of the agreement Sunday could not be regarded as a part of the workweek which began on Monday.

On the submission to them of this question the arbitrators have undertaken to decide that the provisions of Art. VIII, sec. 1 of the contract, that any holiday not worked be considered as 8 hours "worked" in computing the 40 hours in any workweek, should not be interpreted to exclude

the benefit of the specifically named "two days at Christmas" when one of these holidays fell on Sunday.

In deciding this question the arbitrators have acted within the terms of the agreement and of the particular grievance submitted to them. They have not exceeded their powers. We think the interpretation of the terms of the agreement as to Christmas holidays and the proper method of its application to the factual situation here presented, about which the parties disagreed, came within the scope of the arbitration instituted in accordance with the contract, and that the decision of the arbitrators thereon must be held "final and binding upon both parties."

Settlement of disputes between labor and management by means of fair and intelligent arbitration is to be commended, and the result will be upheld by the courts when within the scope of the collective bargaining agreement and the terms of submission. Said *Justice Ashe* in *Robbins v. Killebrew,* 95 N.C. 19, "The policy of the law is in favor of settlements by arbitrators, and their awards should be sustained whenever it can be done consistently with the rules of law."

The judgment sustaining the award is

Affirmed.