CALVINE COTTON MILLS, INC., v. TEXTILE WORKERS UNION OF AMERICA, AFFILIATED WITH THE CONGRESS OF INDUSTRIAL ORGANIZATIONS, LOCAL NO. 677; DRAPER D. WOOD, J. D. COSTNER AND ANY AND ALL OTHER MEMBERS OF THE AFORESAID LABOR UNION.

(Filed 2 December, 1953.)

**1. Appeal and Error § 6c (2)—**

Upon appeal from judgment affirming an arbitration award, exceptive assignments of error to the refusal of the court to grant the relief prayed for by plaintiff and to the signing of the judgment present only whether the award and the facts found by the court are sufficient to support the judgment.

**2. Arbitration and Award §§ 5, 10—**

Where the dispute submitted to arbitration grows out of a written contract, interpretation of the contract is necessary to the settlement of the controversy and is within the arbitrator's authority, and his award is conclusive and binding on the parties if the award is based on a permissible construction of the contract.

**3. Same—**

An arbitrator must act within the scope of the authority conferred on him by the arbitration agreement, and his award is subject to attack if he, acting under a mistake of law, exceeds his authority. G.S. 1-559, 560.

**4. Arbitration and Award § 6—**

An arbitration is an extrajudicial proceeding, and the arbitrator is not bound by the rules of procedure and evidence which prevail in a court of law.

**5. Arbitration and Award § 5—**

An agreement to arbitrate any dispute between the parties arising out
of the contract between them concerning wages gives the arbitrator author-
ity to hear a dispute as to the interpretation of the agreement in respect
to vacation pay, since vacation pay is a part of an employee's wages.

**6. Arbitration and Award § 6—**

Contract between the parties in this case in regard to the payment of
*pro rata* vacation pay based on a minimum of six months' service *is held*
susceptible to the interpretation that an employee discharged through no
fault of his own is entitled to *pro rata* vacation pay even though his em-
ployment is terminated prior to the annual calculation date, provided he
has been in the employment of the company for a period of six months or
longer.

APPEAL by plaintiff from *Godwin, Special J.,* May Extra Term 1953,
MECKLENBURG.   Affirmed.

Civil action to vacate an arbitration award and for a decree construing
the vacation pay agreement between plaintiff and defendant Local No.
677.

On 12 September 1949, plaintiff and the Textile Workers Union of
America (C.I.O.), Local 677, whose members were employed by plaintiff,
entered into a collective bargaining agreement concerning working con-
ditions at plaintiff's Calvine Plant No. 1, and providing for vacation pay
for the employees.

On 8 January 1952, plaintiff notified said Local and its members that
plaintiff would cease all operations at Calvine Plant No. 1 on 14 January
1952.   On said date the employment of all employees at said plant was
permanently terminated except such as were needed to complete work on
hand on that day.   The employment of the employees who were retained
was terminated as such work was completed.

On 4 February 1952, defendant Local filed with plaintiff a claim for
*pro rata* vacation pay (1 June being the year end for that purpose) for
each and every one of its members who were employed at said plant on
14 January, and demanded arbitration.   An arbitrator was appointed.
He heard the parties and on 4 April 1952 made his award allowing the
employees *"pro rata* vacation pay up to the date of termination based
upon such employee's length of service, as provided in Section X of the
contract."   An opinion setting forth the arbitrator's reasons for the
award accompanied the award.

On 19 April 1952, plaintiff instituted this proceeding under G.S.
95-36.9 (c) and G.S. 1-559.   In its complaint it attacks the award for
that (1) the arbitrator admitted and considered "grossly irrelevant and
grossly immaterial" testimony, (2) the award is not supported by the
evidence submitted, and (3) the arbitrator exceeded his powers and dis-

regarded express provisions of the collective bargaining contract which denies him the right to change, add to, delete, or modify any part of said contract.

When the cause came on for hearing, the court below, being of the opinion that the arbitrator had proceeded in accord with the arbitration agreement and in so doing had not committed any error in law, entered judgment (1) denying the relief prayed by plaintiff, (2) affirming the award, and (3) ordering plaintiff to make the payments of *pro rata* vacation pay as directed in the award. Plaintiff excepted and appealed.

*Maurice A. Weinstein for plaintiff appellant.*
*Carl E. Gaddy, Jr., for defendant appellees.*

BARNHILL, J. The only exceptive assignments of error contained in the record are these: (1) "The plaintiff assigns as error the refusal of the Court to grant the relief prayed for by the plaintiff," and (2) "the plaintiff further assigns as error the action of the Court in rendering and signing the judgment appearing in the record."

These exceptive assignments of error are most general in terms and constitute a broadside attack on the judgment. *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427. The exception to the judgment in effect asserts that the award and the facts found by the court are insufficient to support the judgment entered. *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Lee v. Board of Adjustment,* 226 N.C. 107, 37 S.E. 2d 128; *Redwine v. Clodfelter,* 226 N.C. 366, 38 S.E. 2d 203; *Hoover v. Crotts,* 232 N.C. 617, 61 S.E. 2d 705. It is doubtful whether it goes behind the award so as to present the question whether the arbitrator acted under a misapprehension of the law as argued by plaintiff. In any event, that is the full extent of the assignments of error. We will resolve the doubt in favor of plaintiff so as to discuss and decide that question. If the arbitrator, under the guise of construction, read into the collective bargaining agreement a material provision no reasonable construction will permit, he acted under a mistake of law as to his authority and the award should be vacated. On the other hand, if the award is bottomed on a permissible construction of the contract, then the judgment should be sustained.

An arbitration is an extrajudicial proceeding and the arbitrator is not bound by the rules of procedure and evidence which prevail in a court of law. When the dispute submitted to him grows out of a written contract, and settlement of the controversy requires an interpretation of that contract, interpretation thereof is within his authority. *Chair Co. v. Furniture Workers,* 233 N.C. 46, 62 S.E. 2d 535. Once made, the award is, ordinarily, conclusive and binding upon the parties. 3 A.J. 938, 951.

From it there is no appeal.

Even so, an arbitrator must act within the scope of the authority conferred on him by the arbitration agreement, and his award is subject to attack for that he, acting under a mistake of law, exceeded his authority, *Chair Co. v. Furniture Workers, supra,* and upon other grounds which are not material here. G.S. 1-559, 560.

Here the collective bargaining agreement expressly provides in Section V for the submission of a dispute respecting the proper interpretation of the agreement. Section V of the collective bargaining agreement reads in part as follows:

"(a) Any grievance, disagreement or dispute between the company and the Union, arising from the operation or interpretation of this Agreement or concerning wages, hours of employment . . . shall, at the request of the Company or the Union, be settled by arbitration . . .

"(b) . . . The arbitrator shall not have the authority to change in any respect any provision of this Agreement nor add to, delete or modify any of its provisions. The arbitrator's award shall be in writing and shall be binding on the Company and the Union and conclusive of the Controversy submitted."

Vacation pay is part of an employee's wages, and plaintiff's employees had earned a *pro rata* portion of their vacation pay from 1 June 1951 to the time their employment was terminated. *In re Publishing Co.,* 231 N.C. 395. So then, the matter in dispute concerns the wages due the employees—and arbitration of grievances concerning wages, except for general wage increases and decreases, is expressly provided for in the contract.

But plaintiff stressfully contends that the contract, when correctly construed, provides that only those who were employees of plaintiff on 1 June of each year were entitled to vacation pay.

The contract is somewhat ambiguous in this respect. While it is not expressly so provided, there are a number of expressions in the contract which tend to support this contention. Plaintiff relies in particular on the provision that "termination of any employee's employment for any reason after June 1st shall not affect the employee's right to vacation pay." The vacation pay calculation day under the contract was 1 June. No employee could demand such pay prior to that date. Consequently we consider the quoted provision as nothing more than a declaration that if an employee continued with the company up until 1 June of any year, but his employment was terminated after that date and before he received his vacation pay, the company had no defense and could not, for any cause whatsoever, refuse to pay him.

Contrariwise, there are provisions and expressions in the contract which indicate it was contemplated that an employee should receive *pro rata*

vacation pay when his employment was terminated prior to 1 June. "Vacation pay shall be a percentage amount of each individual employee's total earnings, as established by the Social Security records for the year immediately preceding the June 1st and shall be based on length of service as follows:

"6 months to 5 years' service . . . 2%"

This clearly permits and requires *pro rata* pay provided the employee had been employed six months or more. And there is no limitation, here or elsewhere in the contract, to the effect that the time of service—less than one year—shall be the six months ending on 1 June.

Likewise an employee who had entered military service and returned to his job at any time prior to 1 June was entitled to *pro rata* vacation pay irrespective of the length of time of his service.

Vacation pay constitutes wages. There are provisions in the contract—both those mentioned and others—which may be construed to mean that an employee who remained in the employment any six months or more during the year, prior to the vacation pay calculation date, should receive his *pro rata* part of one year's vacation pay. The parties could have—but did not—write into the contract any limiting provision such as the one plaintiff now contends should be implied from the other language used. In view of these facts we are of the opinion the necessity for an interpretation of the contract, in the process of settling the controversy submitted to the arbitrator, is clearly indicated.

In making his award the arbitrator construed the contract, as it was his right and duty to do. He added nothing to the agreement. Instead, he based his conclusions on a permissible construction of the written instrument.

The award provides that the plaintiff shall pay the employees there "*pro rata* vacation pay up to the date of termination based upon such employee's length of service, as provided in Section X of the contract." In this connection we direct attention to the fact that only those employees who were employed six months or more between the preceding 1 June and the date of termination are entitled to vacation pay under Section X of the collective bargaining agreement. This should be spelled out in the judgment so there can be no mistake as to the meaning of the award.

On this record, the employment of the members of Local No. 677 was terminated without cause on their part. They were innocent victims of the decision of plaintiff to cease operations at its Calvine Plant No. 1. Homespun honesty and simple justice demand that they should receive that part of their vacation pay they had earned when their employment was terminated. The arbitrator, under a permissible interpretation of the contract, has determined that they are entitled thereto under the collective bargaining agreement. While it is not our prerogative to

review or reverse his interpretation, so long as it is interpretation and not interpolation of provisions not contained in the contract, we are inclined to concur in his conclusion.

There are questions discussed in the brief of appellant which are not raised by the exceptive assignments of error. As those questions are not before the Court, we refrain from any discussion thereof.

The award is confined to the question submitted to the arbitrator. In making his award, the arbitrator did not act under a mistake of law. Nor did he exceed his authority. Therefore, the judgment entered in the court below is

Affirmed.