**TEXTILE WORKERS UNION OF AMERICA, an Unincorporated Labor Organization, Plaintiff,**

v.

**CONE MILLS CORPORATION, a Corporation, Defendant.**

Civ. No. C–63–G–58.

United States District Court
M. D. North Carolina,
Greensboro Division.

Oct. 17, 1958.

Robert S. Cahoon, Greensboro, N. C., for plaintiff.

McLendon, Brim, Holderness & Brooks, Greensboro, N. C., for defendant.

STANLEY, District Judge.

The complaint seeks the enforcement of an arbitration award rendered on September 11, 1957, sustaining a claim made by the plaintiff in behalf of several hundred of its members. In November, 1956, the plaintiff, Textile Workers Union of America, an unincorporated labor organization, entered into written collective bargaining agreements with the defendant, Cone Mills Corporation, a North Carolina corporation, covering three of the defendant's textile plants in Greensboro and Reidsville, North Carolina. In January, 1957, various disagreements arose between the parties with respect to the obligation of

the defendant to compensate certain employees represented by the plaintiff union for losses suffered by the employees during a vacation period imposed by the defendant from December 21, 1956, to January 1, 1957. The plaintiff union contended that it was a violation of the collective bargaining agreements to impose holidays and vacations during this period, and that the affected employees should be compensated for the amount of unemployment benefits which they failed to receive by reason of the fact that the defendant failed to designate said holidays and vacations as a "shut down".

A majority of the arbitration panel sustained the claim made by the union and found that the defendant was obligated to make the employees whole for the amount of unemployment benefits which they failed to receive because of the alleged breach. The arbitration proceeding was conducted and the award made without the intervention or supervision of any court.

The defendant refused to comply with the arbitration award, and this action was brought to have the court enforce the award. The plaintiff prays (1) that the defendant be restrained and enjoined from failing and refusing to abide by and comply with the award, (2) that the court affirm and enforce the award of the arbitrators, (3) that the court declare the rights of the parties and declare that the arbitration award is lawful and binding upon the defendant, and (4) that the plaintiff be awarded the sum of $80,000 as compensatory damages. The estimated compensatory damage is the amount the plaintiff estimates is due the employees under the arbitration award.

The defendant admits in its answers the essential allegations of facts in the complaint, but contends that the action should be dismissed because the court lacks jurisdiction of the subject matter of the action and of the parties. The defendant further contends that if it is held that the court does have juris-diction, the complaint fails to state a claim against the defendant upon which relief can be granted, and sets forth reasons why the award should be held invalid, defective and void.

At a pre-trial conference held on July 25, 1958, the parties stipulated that the case might be submitted to and decided by the court on the basis of the pleadings and exhibits thereto attached.

The principal questions presented to the court for determination are (1) whether the Federal Court has jurisdiction under Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185, to affirm and enforce an arbitration award rendered by an arbitration panel, or to render a money judgment in favor of the plaintiff labor union upon the arbitration award here involved, and (2) whether the arbitration award should be enforced and affirmed or should be vacated and set aside as invalid, defective and void, if it is determined that the court has jurisdiction of the action.

The conclusion that has been reached with respect to the first question makes a discussion of the second question unnecessary for a final determination of this action.

The plaintiff alleges various grounds for Federal Court jurisdiction. First, it is alleged that this court has original jurisdiction pursuant to 28 U.S.C.A. § 1337, which provides:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

This allegation raises the question as to whether this action does arise under an Act of Congress regulating commerce. The plaintiff alleges that three acts are involved:

(1) Labor Management Relations Act, 1947, Section 301, 29 U.S.C.A. § 185. The provisions of this Act, and its ap-

plication to the controversy here involved, will later be discussed in some detail.

■ (2) The United States Arbitration Act, 9 U.S.C.A. § 1 et seq. While there is authority in other circuits to the contrary, the Court of Appeals for this circuit has specifically held that the provisions of the United States Arbitration Act do not apply to collective bargaining agreements such as the agreement involved in this case. International Union, etc., v. Colonial Hardwood Floor Co., 4 Cir., 1948, 168 F.2d 33; United Electrical, etc., v. Miller Metal Prod., 4 Cir., 1954, 215 F.2d 221.

■ (3) Declaratory Judgment Act, 28 U.S.C.A. §§ 2201 and 2202. This Act is merely procedural and confers no jurisdiction where none otherwise exists. Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194.

■ The plaintiff finally alleges that this court has jurisdiction pursuant to 28 U.S.C.A. § 1332, on the asserted ground that the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs, and is between citizens of different states. It is clear that this section does not confer jurisdiction because the rights are personal to the individual employees and the value of their individual rights is not in excess of $30, and there is no diversity of citizenship because the plaintiff, an unincorporated labor organization, is composed of the employees of the defendant who are citizens of North Carolina, and the defendant is a North Carolina corporation. For jurisdictional purposes, the citizenship of an unincorporated association is determined by the citizenship of its members. Underwood v. Maloney, 3 Cir., 1958, 256 F.2d 334.

In view of the foregoing, it is clear that if the district court has jurisdiction in this action it must be founded upon the provisions of Section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185, as follows:

"(a). Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

■ Before discussing the federal jurisdiction conferred by the above section, it should be pointed out that this action in reality seeks to compel the employer to pay individual compensation to its employees. The award of the arbitrators provided that the defendant was "obligated to make the *employees* whole" for "the amount of unemployment benefits which they failed to receive." In Paragraph 6 of the complaint it is alleged that the *employees* were entitled to certain losses allegedly suffered by them as a result of a violation of the contract by the defendant, and in Paragraph 8 it is alleged that the award required the defendant to make the *employees* whole for the amount of unemployment benefits which they failed to receive. In Paragraph 12 it is alleged that the *employees* of the defendant have been wrongfully denied the benefits of the collective bargaining agreement. It was stipulated that in the event the court determines the questions of law favorable to the plaintiff, steps will be taken by the parties to determine the amount that "the defendant should pay to each *employee* listed in the exhibit attached to the complaint." At no time has the plaintiff asserted that it was entitled to receive any part of the award it seeks to enforce. By whatever name called, the benefits sought move directly to the employees, and any benefit to the union is the indirect benefit of seeing that employees are made whole for their individual loss of compensation. Thus, it is abundantly clear that the real parties in interest in this action

are the employees of the defendant and not the plaintiff who is their agent. The award which the plaintiff seeks to enforce in this action is for personal benefits due the individual employees.

We turn now to the scope of jurisdiction conferred upon the federal courts by Section 301 of the Labor Management Relations Act. In Association, etc. v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, the Supreme Court of the United States held that federal courts did not have jurisdiction in a suit brought by a union in behalf of employees for an alleged breach of a collective bargaining contract where the alleged breach was the failure of the employer to pay accrued wages due the employees under such contract. The court, in the Westinghouse case, 348 U.S. at page 460, 75 S.Ct. at page 500 stated:

"There was no suggestion that Congress, at a time when its attention was directed to congestion in the federal courts, particularly in the heavy industrial areas, intended to open the doors of the federal courts to a potential flood of grievances based upon an employer's failure to comply with terms of a collective agreement relating to compensation, terms peculiar in the individual benefit which is their subject matter and which, when violated, give a cause of action to the individual employee. The employees have always been able to enforce their individual rights in the state courts * * *

"Nowhere in the legislative history did Congress discuss or show any recognition of the type of suit involved here, in which the union is suing on behalf of employees for accrued wages. Therefore, we conclude that Congress did not confer on the federal courts jurisdiction over a suit such as this one."

The only material difference in the facts in the Westinghouse case and the facts in the suit here involved is that in the Westinghouse case the union brought suit in the district court before submitting the dispute to arbitrators, and in this case the union seeks to enforce the arbitrator's award. In both, the essential relief sought is the recovery of wages or compensation to employees.

On the other hand, if the obligation here sought to be enforced runs solely to the plaintiff and is, therefore, a union controversy, this court would have jurisdiction under Textile Workers' Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972. Further, the language used by the court in the Lincoln Mills case might seem to have conferred jurisdiction on federal courts to enforce arbitration awards unless such language is considered in light of the language used in Westinghouse. The court in Lincoln Mills said:

"Thus collective bargaining agreements were made 'equally binding and enforceable on both parties' * * * (353 U.S. at page 454, 77 S.Ct. at page 916).

*   *   *   *   *

"It seems, therefore, clear to us that Congress adopted a policy which placed sanctions behind agreements to arbitrate grievance disputes, by implication rejecting the common-law rule, discussed in Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582, against enforcement of executory agreements to arbitrate. We would undercut the Act and defeat its policy if we read § 301 narrowly as only conferring jurisdiction over labor organizations.

"* * * We conclude that the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from policy of our national labor laws * * *" (353 U.S. at page 456, 77 S.Ct. at page 917).

A careful analysis of these cases clearly shows that Westinghouse was not modified or over-ruled by the subsequent decision in Lincoln Mills. This clear-

ly appears from the majority opinion in the Lincoln Mills case where it is stated in Footnote 6, 353 U.S. at page 456, 77 S.Ct. at page 917, as follows:

"6. Association of Westinghouse Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, is quite a different case. There the union sued to recover unpaid wages on behalf of some 4,000 employees. The basic question concerned the standing of the union to sue and recover on those individual employment contracts. The question here concerns the right of the union to enforce the agreement to arbitrate which it has made with the employer."

And Mr. Justice Burton, with whom Mr. Justice Harlan joined, stated in a concurring opinion (353 U.S. at page 460, 77 S.Ct. at page 919):

"The District Court had jurisdiction over the action since it involved an obligation running to a union —a union controversy—and not uniquely personal rights of employees sought to be enforced by a union."

Thus, it is seen that the Lincoln Mills case did not purport to over-rule the Westinghouse case. It may also be noted that a majority of the court concurring in the result of the Westinghouse case were still members of the court when the Lincoln Mills decision was rendered.

A lengthy discussion of the scope of the decision in Westinghouse was made by the Court of Appeals for the Third Circuit in United Steelworkers of America v. Pullman Standard Car Manufacturers, 3 Cir., 1957, 241 F.2d 547, 552. In discussing the proper interpretation of Westinghouse, the court stated:

"This body of recent decisions distinguishing Westinghouse points to the likelihood that the language used by the Chief Justice was intended to draw a distinction which would serve to restrict jurisdiction under Section 301 to substantive matters which, whatever the personal interest involved, directly and primarily affect the complaining union as an organization, and procedural controversies about the proper administration of the collective bargaining process for which the union as bargaining agent is responsible. This view leaves suits to establish pension claims, like suits on wage claims, in the category of litigation 'to enforce * * * uniquely personal right(s) of an employee', which the Chief Justice found to be outside of the intended scope of Section 301. To us this a plausible and satisfactory rationalization, and we adopt it."

Several district court cases have been decided since the Lincoln Mills case indicating federal courts do not have jurisdiction in suits such as this. However, no case has been discovered or cited in either brief where the exact question presented here was before the court, that is, whether federal courts have jurisdiction to enforce an arbitration award pursuant to the terms of a collective bargaining contract where compensations to individual employees are involved.

In Textile Workers Union of America, C. I. O. v. Bates Mfg. Co., D.C.Maine 1958, 158 F.Supp. 410, 412, the union was suing under the terms of an escalator clause contained in the collective bargaining contract. The company interposed the defense that the arbitration award was in its favor. In dismissing the suit for lack of jurisdiction, the court said:

"In the instant case arbitration was had by the parties in accordance with their collective bargaining agreement. It is on the authority of the Arbitrators' decision that defendant has refused to pay the wage increment allegedly due its employees who are members of plaintiff union. But it is the refusal to pay, and not the underlying reason therefor, which precipitated

this suit. The action is, therefore, for nothing more than wages allegedly due defendant's employees. Westinghouse holds that this 'uniquely personal' right cannot be enforced in a federal court by a union."

The most recent case on the subject is Communications Workers of America, AFL–CIO v. Ohio Bell Telephone Co., D.C.N.D.Ohio 1958, 160 F.Supp. 822, 826. There the union brought an action against the employer seeking vacation pay for its employees under a contract between the parties. The court dismissed the action for lack of jurisdiction, holding that " * * * vacation allowances, termination allowances and sickness and death benefits fall within the same category as wages and are uniquely personal to the employees." The court further said:

"Westinghouse is plain authority for the proposition that the Union may not maintain an action in the District Court to collect wages due to employees. The Union in asking for specific enforcement of the agreement instead of individual judgments in favor of the employees did not change the substance of the action. The result was the same."

The crucial question presented in this case is whether the fact that in Westinghouse the union was suing under a direct compensation claim in the collective bargaining contract in behalf of individual employees, and that in the present case the union is suing in behalf of individual employees under the terms of an arbitration award pursuant to the collective bargaining contract, is a sufficient distinction to take the facts in this case out of the rule laid down in Westinghouse.

It is concluded that this case is controlled by Westinghouse. The facts are not sufficiently different to reach a different conclusion. As previously pointed out, the only distinction between this case and Westinghouse is that here there was an arbitration award preceding the suit and in Westinghouse the suit was brought directly under the terms of the contract. Counsel for the plaintiff has argued that this fact alone makes the union primarily interested in enforcing the terms of the contract rather than it being "uniquely personal" rights of the employees. This contention is without merit. The union is not seeking to enforce the performance of an agreement to submit an unresolvable grievance to arbitration, but is seeking the equivalent of a money judgment in behalf of named individual employees for wages due in the form of vacation payments or unemployment benefits. The fact that the union brings the suit in behalf of the employees does not make the rights any less personal than in the Westinghouse case. The individual employees are not parties to the litigation, and the union does not claim any monetary benefits from the award.

It must be remembered that we are not here concerned with the question of whether the plaintiff has a remedy to enforce the arbitration award, but rather the forum that must be used. The State of North Carolina has a comprehensive statutory frame-work for the judicial enforcement of arbitration awards. Many proceedings for enforcing or vacating arbitration awards made under collective bargaining agreements involving industry in interstate commerce have heretofore been brought in the superior courts of North Carolina. Thomasville Chair Co. v. United Furniture Workers, 1950, 233 N.C. 46, 62 S.E.2d 535, 24 A.L.R.2d 747; Calvine Cotton Mills, Inc. v. Textile Workers Union, 1953, 238 N.C. 719, 79 S.E.2d 181.

It is concluded that the court has no jurisdiction to grant the relief prayed for in the complaint, and that the defendant's motion to dismiss the action for lack of jurisdiction must be granted.

Counsel for the defendant will prepare an order in conformity with this opinion.