G. L. WILSON BUILDING COMPANY v. THORNEBURG HOSIERY CO., INC.

No. 8622SC1074

(Filed 19 May 1987)

**1. Arbitration and Award § 5— components of award—counsel fees improper**

In an arbitration proceeding to determine the amount due under a construction contract, the arbitrators had authority to award sums for costs of delays caused by the owner, certain fees and expenses of arbitration, and compensation for transferring the proprietary right to the design of the knitting and seaming vacuum system. However, the arbitrators had no authority to include counsel fees in the arbitration award since counsel fees are collectible only under N.C.G.S. § 6-21.2, and the amount of counsel fees is fixed by the statute and are not a subject of arbitration.

**2. Attorneys at Law § 7.4; Arbitration and Award § 5— attorney fees—notice requirement inapplicable for arbitration**

The requirement of N.C.G.S. § 6-21.2(5) for giving notice of an intent to claim counsel fees pursuant to a contract did not apply where the obligor refused to pay a construction contractor's claim and demanded arbitration pursuant to the terms of the contract.

APPEAL by defendant from *Mills, Judge.* Judgment entered 2 June 1986 in Superior Court, IREDELL County. Heard in the Court of Appeals 4 May 1987.

On 4 November 1982, Thorneburg Hosiery Co., Inc. (hereinafter Thorneburg), as owner, and G. L. Wilson Building Co. (hereinafter Wilson), as builder, entered into a contract for the design and construction of a hosiery manufacturing facility. On 24 February 1984, Thorneburg demanded arbitration, pursuant to the terms of the contract and the Uniform Arbitration Act, G.S. 1-567.1, *et seq.*, "of claim of contractor for the balance due, if any, on contract, in the amount of $235,338.58 and damages due by contractor and claimed by owner arising from deficiencies in design and construction of building." On 28 March 1984, Wilson filed a "response, answer and counterclaim," seeking to recover $416,944.58 for the balance due under the contract and "additional expenses and costs," and "legal fees spent by Wilson to collect the past due balance owed by Thorneburg under this Contract, an amount undetermined at this time." At the hearing before the arbitrators, Wilson introduced as an exhibit a document entitled "claims summary," requesting a total award of $893,412.45, including the balance due under the contract, other expenses and legal fees.

On 24 January 1986, the arbitrators filed an award directing Thorneburg to pay Wilson $656,050.93 and to pay the fees and expenses of arbitration as directed by the American Arbitration Association. On 17 February 1986, Wilson moved in the superior court to have the award confirmed and judgment entered thereon. On 21 April 1986, Thorneburg filed motions to vacate, modify or correct the award, or to remand the award to the arbitrators for modification or correction, pursuant to G.S. 1-567.10, G.S. 1-567.13 and G.S. 1-567.14. Thorneburg paid Wilson $235,238.58 on 18 April 1986.

Pursuant to a request by Thorneburg, subpoenas were served on the arbitrators, requiring them to give their depositions and to produce any materials which "reflect to any extent, or . . . may help you to recall, what elements of damages are included in the arbitration award." On 21 May 1986, the arbitrators moved to quash the subpoenas.

Following a hearing on all motions on 2 June 1986, Judge Mills made findings of fact, conclusions of law and entered a judgment denying Thorneburg's motions and confirming the award of the arbitrators. In the judgment, the trial judge ordered that Wilson recover of Thorneburg $656,050.93, with interest thereon from 24 January 1986 until paid, and arbitration costs in the sum of $17,636.33, subject to a credit in the amount of $235,238.58 for the payment made on 18 April 1986. On 4 June 1986, the trial judge entered an additional order, allowing the motions of the arbitrators to quash the subpoenas. Thorneburg appealed.

*Avery, Crosswhite & Whittenton, by William E. Crosswhite, and Foster, Conner, Robson & Gumbiner, P.A., by C. Allen Foster, for appellee, G. L. Wilson Building Co.*

*Tucker, Hicks, Moon, Hodge and Cranford, P.A., by John E. Hodge, Jr. and Robert B. Tucker, Jr., for defendant, appellant, Thorneburg Hosiery Co., Inc.*

HEDRICK, Chief Judge.

Appellant Thorneburg contends the trial court erred in confirming the arbitration award and denying its motions to vacate, modify, correct or remand the award. Thorneburg argues in support of this contention that the arbitrators exceeded their author-

ity in awarding Wilson $656,050.93, because this sum must include amounts for items which are not subject to arbitration.

The purpose of arbitration is to reach a final settlement of disputed matters without litigation, and the parties, who have agreed to abide by the decision of the arbitrators, will not generally be heard to attack the regularity or fairness of an award. *McNeal v. Black*, 61 N.C. App. 305, 300 S.E. 2d 575 (1983). In *Poe & Sons, Inc. v. University*, 248 N.C. 617, 625, 104 S.E. 2d 189, 195 (1958), our Supreme Court, citing *Patton v. Garrett*, 116 N.C. 848, 21 S.E. 679 (1895), stated,

> If an arbitrator makes a mistake, either as to law or fact, it is a misfortune of the party, and there is no help for it. There is no right of appeal, and the court has no power to revise the decisions of 'judges who are of the parties' own choosing' . . . . If a mistake be sufficient ground for setting aside an award, it opens the door for coming into court in almost every case; for in nine cases out of ten some mistake of law or fact may be suggested by the dissatisfied party.

G.S. 1-567.13 and G.S. 1-567.14 provide the exclusive grounds for vacating, modifying or correcting an arbitration award. *Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E. 2d 793 (1982). An award is ordinarily presumed to be valid, and the party seeking to set it aside has the burden of demonstrating an objective basis which supports his allegations that one of these grounds exists. *Thomas v. Howard*, 51 N.C. App. 350, 276 S.E. 2d 743 (1981).

[1]   In the present case, Thorneburg filed numerous motions in the superior court seeking to vacate, modify, correct or remand the award. The trial court did not err in denying these motions, save and except for the motion to remand the award to the arbitrators for modification or clarification pursuant to G.S. 1-567.10. We hold that the arbitrators had the authority to make the award, with the exception of any award for counsel fees. Thorneburg's contentions that the arbitrators had no authority to award sums for costs of delays caused by Thorneburg, certain fees and expenses of arbitration, or compensation for "transferring the proprietary right to the design of the knitting & seaming vacuum system" are without merit. The arbitrators are authorized to include these items in the award under the provisions of the parties' contract and the Uniform Arbitration Act. Thorneburg's con-

tention that the arbitrators exceeded their authority in including counsel fees in the award, if such fees were included, however, has merit. This does not mean that Wilson is not entitled to recover attorney's fees under the contract, but only that the arbitrators had no authority to include such fees in the arbitration award.

G.S. 1-567.11 provides as follows:

Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.

We hold that counsel fees are not a subject of arbitration, even though the contract in this case provides that "[t]he Owner will pay reasonable attorney's fees incurred by the Contractor for the collection of any defaulted payment due to the Contractor by the Owner as a result of this contract." In North Carolina, such attorneys' fees are collectible only under G.S. 6-21.2 which provides as follows:

Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:

. . . .

(2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

. . . .

(5) The holder of an unsecured note or other writing(s) evidencing an unsecured debt, . . . or his attorney at

law, shall, after maturity of the obligation by default or otherwise, notify the maker, debtor, account debtor, endorser or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the "outstanding balance" shall be enforced and that such maker, debtor, account debtor, endorser or party sought to be held on said obligation has five days from the mailing of such notice to pay the "outstanding balance" without the attorneys' fees. If such party shall pay the "outstanding balance" in full before the expiration of such time, then the obligation to pay the attorneys' fees shall be void, and no court shall enforce such provisions.

The term "evidence of indebtedness" as used in this statute refers to "any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 294, 266 S.E. 2d 812, 817 (1980).

Since the amount of attorneys' fees is fixed by statute, there is no room for arbitration. In this case, the contract provides that the owner will pay "reasonable attorney's fees incurred by the Contractor for the collection of any defaulted payment." Thus, under the provisions of G.S. 6-21.2, Thorneburg may recover as attorney's fees fifteen percent of the "outstanding balance" due on the contract. The "outstanding balance" due on the contract in this case consists of the amount awarded by the arbitrator for any of the items requested by Wilson, with the exception of any award for "legal fees" or expenses arising out of arbitration. Although these fees and expenses of arbitration may be properly included by the arbitrators in an award pursuant to G.S. 1-567.11, they are not a part of the "outstanding balance" of the contract.

[2] In addition to arguing that the arbitrators lacked authority to award attorneys' fees, Thorneburg insists that attorneys' fees are not payable in this case because Wilson failed to comply with the provisions of G.S. 6-21.2(5) with respect to giving notice that it would claim attorneys' fees pursuant to the contract. We disagree.

The notice provision of G.S. 6-21.2(5) simply provides that the obligor will have five days notice to pay any outstanding balance

on the debt before the claimant goes to the expense of employing counsel to collect the balance due. In our opinion, the notice provision has no application in this situation where the obligor has refused to pay Wilson's claim and demanded arbitration pursuant to the terms of the contract. Wilson was forced into the position of having to employ counsel not only to collect its own claim, but also to protect it against Thorneburg's claim because of Thorneburg's demand of arbitration. When Wilson filed its response to Thorneburg's demand for arbitration, and its own claim for the balance due on the contract, it clearly notified Thorneburg it was demanding attorneys' fees under the terms of the contract.

Before the award can be vacated on the grounds that the arbitrators exceeded their authority, the record must objectively disclose that the arbitrators did exceed their authority in some respect. G.S. 1-567.13; *Thomas v. Howard*, 51 N.C. App. 350, 276 S.E. 2d 743 (1981). We hold that an objective examination of the award discloses that the arbitrators did exceed their authority in awarding at least some attorney's fees. Wilson's claims totalled $893,412.45. Included in that total was $183,305.12 for counsel fees and $92,621.30 for fees of a "consultant to attorney." The total award was $656,050.93. Obviously, the award included some counsel fees.

The award and judgment entered on the award with respect to attorneys' fees must be reversed and the proceeding will be remanded to the superior court for further proceedings as follows: The superior court will remand the proceedings to the arbitrators to delete from the award any counsel fees including any fees for the "consultant to attorney" plus any interest awarded thereon. The arbitrators will then separate and designate any portion of the remaining award which includes "legal fees" arising out of arbitration as listed in Exhibit R-221. These fees, except for counsel fees or fees for "consultant to attorney," may be included in the award but must be listed separately in order that the superior court judge may be able to determine the "outstanding balance" due on the contract. Upon remand, the superior court judge will instruct the arbitrators they have no authority to change any part of the award except as herein designated.

Upon application for confirmation of the award after remand, pursuant to G.S. 1-567.12, the superior court judge shall award at-

torneys' fees under the contract and G.S. 6-21.2 in the amount of fifteen percent of the "outstanding balance" due on the contract, that is, the amount of the award excluding any portion designated as legal fees or expenses.

Thorneburg also contends the trial court erred in allowing the motion of the arbitrators to quash the subpoenas for their depositions. Thorneburg sought to take the depositions of the arbitrators only to determine "what elements of damages are included in the arbitration award." Our decision in the present case, as set out above, makes it unnecessary for us to address this assignment of error and the other remaining assignments of error brought forward and argued on appeal.

The award of the arbitrators and the judgment entered thereon is thus affirmed as to attorneys' fees, and the award of attorneys' fees and judgment entered thereon is reversed, and the proceeding is reversed for further proceedings in accordance with the instructions set out above.

Affirmed in part, reversed in part, and remanded.

Judges EAGLES and PARKER concur.