THORNEBURG HOSIERY CO., INC., PLAINTIFF v. G. L. WILSON BUILDING
COMPANY, DEFENDANT

No. 8819SC1071

(Filed 1 August 1989)

**Attorneys at Law § 7.5 — case tried by arbitration — no award of at-
torney's fees as part of costs**

The trial court properly refused to award attorney's fees
pursuant to N.C.G.S. § 6-21.5 since the case was tried before
a panel of arbitrators and not in Rowan County Superior Court.

APPEAL by defendant Wilson Building Co. (Wilson) from *Beaty,
James A., Jr., Judge*. Order entered 30 June 1988 in Superior
Court, ROWAN County. Heard in the Court of Appeals 18 April 1989.

This civil action was originally instituted by Thorneburg Hosiery
Co. (Thorneburg) so that a determination could be made as to
any damages owed to it by Wilson as the result of an alleged
breach of a construction contract by Wilson. For the second time,
this matter is before this Court on appeal. By this appeal Wilson
contests the trial court's refusal to award attorney's fees authorized
by G.S. sec. 6-21.5.

*Tucker, Hicks, Hodge and Cranford, P.A., by John E. Hodge,
Jr., Robert B. Tucker, Jr., and Fred A. Hicks, for plaintiff-
appellee.*

*Patton Boggs & Blow, by Eric C. Rowe and C. Allen Foster,
for defendant-appellant.*

JOHNSON, Judge.

On 23 May 1985, Thorneburg commenced this civil action in
Rowan County Superior Court seeking a court determination of
the damages it was owed as a result of Wilson's breach of the
contract. A consent order was entered placing the case in inactive
status upon Wilson's motion to dismiss, because the issues raised in

Thorneburg's complaint were already being determined as part of an arbitration proceeding Wilson had initiated in Iredell County in order to collect the amount it claimed it was owed by Thorneburg pursuant to the contract in question. (Note that Thorneburg is the plaintiff in the Rowan County action while Wilson is the plaintiff in the arbitration proceedings.) The arbitrators entered an award for Wilson and assessed Thorneburg with over $200,000.00 in attorney's fees. This award was confirmed by the Iredell County Superior Court. Thorneburg appealed.

On appeal by Thorneburg to this Court, we ruled that "counsel fees are not a subject of arbitration," notwithstanding the fact that the contract contained a provision authorizing an award of attorney's fees expended by the contractor for the collection of the owner's defaulted payment. *Wilson Building Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 687, 355 S.E. 2d 815, 817 (1987). This Court further held that in this jurisdiction the award of attorney's fees in this type of case, where the payment of attorney's fees is fixed by contract, G.S. sec. 6-21.2 is controlling. The amount of attorney's fees is provided by statute and, therefore, the matter is nonarbitrable. *Id.* The matter was remanded to the Iredell County Superior Court with instructions to "remand the proceedings to the arbitrators to delete from the award any counsel fees including any fees for the 'consultant to attorney' plus any interest awarded thereon." *Id.* at 689, 355 S.E. 2d at 819.

After the matter had been submitted to the arbitrators for correction consistent with the opinion of this Court, Wilson filed a motion to have judgment entered upon the corrected award for attorney's fees in accordance with G.S. sec. 6-21.2, G.S. sec. 6-21.5, and G.S. sec. 1A-1, Rule 11, and to resubmit the award to the arbitrators pursuant to G.S. sec. 1-567.10. Thorneburg filed a motion to confirm the award of the arbitrators after remand. The Iredell court concluded in an order entered 19 February 1988 that G.S. sec. 6-21.5 does not apply to arbitration proceedings; that Wilson was entitled to attorney's fees pursuant to G.S. sec. 6-21.2; that there had been no Rule 11 violation; and that Wilson's motion to have the award resubmitted for arbitration pursuant to G.S. sec. 1-567.10 should be denied. Thorneburg's motion for confirmation of the award was granted.

Wilson then filed a motion in this Rowan County action for an award of attorney's fees pursuant to G.S. sec. 6-21.5 in the Superior

Court, Rowan County. (Note that the Rowan County action had been placed in inactive status and no further action had been taken upon it.) The trial judge ruled that Wilson's motion should be denied because "there was not a complete absence of a justiciable issue of either law or fact raised by plaintiff [Thorneburg] in the complaint."

From this order, Wilson appeals.

Wilson brings forth two questions for review. We have combined them for purposes of this appeal. In short, Wilson contends that the trial court erred by refusing to admit evidence which could prove whether there was any basis for assessing attorney's fees pursuant to G.S. sec. 6-21.5, and by refusing to consider evidence of the arbitration proceedings, including evidence of the arbitrators' conclusion that Thorneburg's claims were baseless, which required the trial court to impose attorney's fees pursuant to G.S. sec. 6-21.5. We disagree.

G.S. sec. 6-21.5 provides the following:

> In any civil action or special proceeding *the court, upon motion of the prevailing party, may award a reasonable attorney's fee* to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

Upon review of this statute, and the facts in the case *sub judice*, two matters become readily apparent. First, although Thorneburg filed its complaint in civil court, the case had already been submitted for arbitration and was settled by the award of the arbitrators.

THORNEBURG HOSIERY CO. v. G. L. WILSON BLDG. CO.

[94 N.C. App. 769 (1989)]

The attorney's fees which were expended in this matter were therefore expended as a result of arbitration and not litigation in our courts. G.S. sec. 6-21.5 does not apply to attorney's fees incurred in an arbitration hearing. The clear language of the statute provides that "the court" may make the award. G.S. sec. 6-21.5. "It allows the *trial judge* to award attorney's fees. . . . The statute also requires the *trial judge* to make findings of fact and conclusions of law to support the award." (Emphasis added.) *Bryant v. Short*, 84 N.C. App. 285, 288, 352 S.E. 2d 245, 246, 247 (1987). It necessarily follows that in order for the trial court to make such an award, the "civil action" or "special proceeding" providing the basis for the award must have been held before that tribunal or pursuant to its authority. *See also Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 344 S.E. 2d 555 (1986).

Second, no order other than the order which placed the case in inactive status was entered and no action taken in the Rowan County case. The Rowan County court had no underlying claim before it from which to evaluate a motion for attorney's fees pursuant to G.S. sec. 6-21.5.

Because our statutes have provided a fixed amount of attorney's fees to be recovered in cases of this nature, *see* G.S. sec. 6-21.2, the issue of attorney's fees is adequately addressed. G.S. sec. 6-21.5 is unavailable to Wilson for the recovery of attorney's fees when the case was tried before a panel of arbitrators and not in Rowan County Superior Court.

Affirmed.

Judges BECTON and ORR concur.