JESSICA LEIGH FINCH, Plaintiff v. CAMPUS HABITAT, L.L.C., Defendant

No. COA11-1485

(Filed 17 April 2012)

**1. Attorney fees—breach of contract—notification of intent to seek attorney fees**

Plaintiff's argument that pursuant to N.C.G.S. § 6-21.2, defendant failed to properly notify her it was seeking attorney's fees in a breach of contract case was without merit. N.C.G.S. § 6-21.2(5) was inapplicable to this situation.

**2. Attorney fees—breach of contract—statutorily allowed amount—award exceeded amount**

The trial court erred in a breach of contract case by awarding defendant attorney fees of more than 15% of plaintiff's outstanding rent balance. The trial court awarded attorney fees pursuant to N.C.G.S. § 6-21.2 but awarded ten times the statutorily allowed amount.

Appeal by plaintiff from judgment entered 1 July 2011 by Judge William G. Stewart in District Court, Wilson County. Heard in the Court of Appeals 22 March 2012.

*Khot & Associates, PLLC, by Bobby P. Khot, for plaintiff-appellant.*

*Narron & Holdford, P.A., by I. Joe Ivey, for defendant-appellee.*

STROUD, Judge.

**FINCH v. CAMPUS HABITAT, L.L.C.**

[220 N.C. App. 146 (2012)]

Plaintiff appeals judgment requiring her to pay attorney's fees to defendant Campus Habitat, L.L.C. For the following reasons, we reverse and remand the award of attorney's fees.

## I. Background

Plaintiff leased a room in a student apartment from defendant Campus Habitat, L.L.C., ("Campus") and this dispute began when plaintiff claimed that defendant Campus had breached the housing agreement ("agreement"), causing her to move out and stop paying rent. On or about 10 March 2010, plaintiff filed a complaint regarding breach of the agreement and requested a declaratory judgment, temporary restraining order, and preliminary injunction. On 12 May 2010, defendant Campus Habitat 2, L.L.C. ("Campus 2") filed a motion to dismiss and defendant Campus Habitat, L.L.C. ("Campus") filed an answer and counterclaimed for breach in the amount of $3,090.00. Defendant Campus also requested "attorney's fees as provided in the Agreement[.]" The agreement between plaintiff and defendant Campus provided that "[r]esident is liable for all damages caused by the Resident's violation of any term of this Agreement. This includes all attorney's fees and collection costs." On 15 April 2011, before the hearing began, plaintiff moved to dismiss defendant Campus 2 as a party; the trial court allowed the motion. On 1 July 2011, the trial court entered a judgment ordering defendant Campus recover $3,090.00 from plaintiff "by way of judgment" and $4,458.50 from plaintiff "as reimbursement for . . . attorney's fees[.]" Plaintiff appeals.

## II. Attorney's Fees

The only issues plaintiff raises on appeal are regarding the award of attorney's fees.

> The case law in North Carolina is clear that to overturn the trial judge's determination on the issue of attorneys' fees, the defendant must show an abuse of discretion. However, where an appeal presents a question of statutory interpretation, full review is appropriate, and we review a trial court's conclusions of law *de novo.*

*Bruning & Federle Mfg. Co. v. Mills,* 185 N.C. App. 153, 155-56, 647 S.E.2d 672, 674 (citations, quotation marks, and brackets omitted), *cert denied,* 362 N.C. 86, 655 S.E.2d 837 (2007).

A.  Notice

[1]  Plaintiff first claims that pursuant to N.C. Gen. Stat. § 6-21.2 defendant Campus failed to properly notify her it was seeking attorney's fees. In its judgment, the trial court noted it was awarding attorney's fees pursuant to N.C. Gen. Stat. § 6-21.2 which provides:

> The holder of an unsecured note or other writing(s) evidencing an unsecured debt, and/or the holder of a note and chattel mortgage or other security agreement and/or the holder of a conditional sale contract or any other such security agreement which evidences both a monetary obligation and a security interest in or a lease of specific goods, or his attorney at law, shall, after maturity of the obligation by default or otherwise, *notify the maker, debtor, account debtor, endorser or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the "outstanding balance" shall be enforced* and that such maker, debtor, account debtor, endorser or party sought to be held on said obligation has five days from the mailing of such notice to pay the "outstanding balance" without the attorneys' fees. If such party shall pay the "outstanding balance" in full before the expiration of such time, then the obligation to pay the attorneys' fees shall be void, and no court shall enforce such provisions.

N.C. Gen. Stat. § 6-21.2(5) (2009) (emphasis added).

In *Wilson Bldg. Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 355 S.E.2d 815, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987), this Court stated:

> The notice provision of G.S. 6-21.2(5) simply provides that the obligor will have five days notice to pay any outstanding balance on the debt before the claimant goes to the expense of employing counsel to collect the balance due. In our opinion, the notice provision has no application in this situation where the obligor has refused to pay Wilson's claim and demanded arbitration pursuant to the terms of the contract. Wilson was forced into the position of having to employ counsel not only to collect its own claim, but also to protect it against Thorneburg's claim because of Thorneburg's demand of arbitration. When Wilson filed its response to Thorneburg's demand for arbitration, and its own claim for the balance due

**FINCH v. CAMPUS HABITAT, L.L.C.**

[220 N.C. App. 146 (2012)]

on the contract, it clearly notified Thorneburg it was demanding attorneys' fees under the terms of the contract.

*Id.* at 688-89, 355 S.E.2d at 818.

Here, defendant Campus was in the same position as Wilson. *See id.* at 689, 355 S.E.2d at 818. Plaintiff filed a complaint and thus defendant Campus

> was forced into the position of having to employ counsel not only to collect its own claim, but also to protect it against [the plaintiff's] claim . . . . When [defendant Campus] filed its response to [the plaintiff's] demand . . . and its own claim for the balance due on the contract, it clearly notified [the plaintiff] it was demanding attorneys' fees under the terms of the contract.

*Id.* Accordingly, N.C. Gen. Stat. § 6-21.2(5) is inapplicable to this situation. *See id. Thus*, this argument is overruled.

B. Amount

**[2]** Plaintiff next contends the attorney's fees awarded were more than allowed by statute. N.C. Gen. Stat. § 6-21.2(2) provides;

> If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2(2) (2009). Here, defendant Campus counterclaimed for $3,090.00, the amount owing on the agreement. The trial court found that "[t]he amount owed by the Plaintiff to the Defendant pursuant to the lease agreement for unpaid rent is $3,090.00" and ordered plaintiff pay defendant Campus this amount. The trial court further ordered plaintiff pay $4,458.50 in attorney's fees. Fifteen percent of $3,090.00 is $463.50; the trial court therefore awarded nearly ten times the amount allowed by statute, in violation of N.C. Gen. Stat. § 6-21.2(2). *See id.*

Defendant Campus contends that although the trial court awarded attorney's fees specifically pursuant to N.C. Gen. Stat. § 6-21.2, the trial court could have awarded attorney fees under N.C. Gen. Stat. § 1-263, and the trial court had discretion under N.C. Gen. Stat. § 1-263 to exceed 15% of $3,090.00. However, the trial court here

clearly stated it was awarding attorney's fees pursuant to N.C. Gen. Stat. § 6-21.2. The trial court made no mention in open court or in the judgment of N.C. Gen. Stat. § 1-263 and made no findings of fact or conclusions of law which would indicate that N.C. Gen. Stat. § 1-263 played any part in its determination. In addition, there is no indication in the transcript or communications between the trial court and counsel in the record that N.C. Gen. Stat. § 1-263 was argued or considered as a basis for the award of attorney's fees. Under these circumstances, we cannot assume that the trial court made a clerical error in its reference to N.C. Gen. Stat. § 6-21.2 instead of N.C. Gen. Stat. § 1-263. The award of attorney's fees of more than 15% of the "outstanding balance" is in violation of the stated statute. *Id.* Accordingly, we reverse the award and remand for entry of an award of attorney's fees which is in compliance with N.C. Gen. Stat. § 6-21.2.

### III. Conclusion

For the foregoing reasons, we reverse and remand the trial court's award of attorney's fees.

REVERSED and REMANDED.

Judges ELMORE and STEELMAN concur.