An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-350

NORTH CAROLINA COURT OF APPEALS

Filed:  21 January 2014

ANN E. ETHERIDGE,
    Plaintiff

v.

                                      Currituck County
                                      No. 11 CVS 33

FRANK C. LEVITSKY and
USAA INS. CO. (unnamed)
    Defendants


    Appeal by plaintiff from orders entered 27 July 2012 and 10 August 2012 by Judge Henry W. Hight, Jr., and by defendant from order entered 19 March 2013 by Judge Walter H. Godwin, Jr., in Currituck County Superior Court.  Heard in the Court of Appeals 27 August 2013.

> *Aycock & Butler, PLLC, by Charlie Aycock and Matthew J. Spencer, for Plaintiff.*

> *Fraim & Fiorella, P.C., by Edward A. Fiorella, Jr., for Defendant USAA Ins. Co.*


    ERVIN, Judge.


    Plaintiff Ann E. Etheridge appeals from an order entered by Judge Hight on 27 July 2012 confirming an arbitration award and an order entered by Judge Hight on 10 August 2012 apparently denying Plaintiff's motion for a new trial and Defendant USAA

Insurance Company appeals from an order entered by Judge Godwin denying its motion to dismiss Plaintiff's appeal. On appeal, Plaintiff argues that Judge Hight erred by confirming the arbitration award because the arbitration panel based its decision upon an issue not submitted to the panel for arbitration and by failing to grant Plaintiff's motion for a new trial, in which Plaintiff requested that the trial court's order be amended to include findings of fact and conclusions of law, and Defendant USAA argues that Judge Godwin erred by failing to dismiss Plaintiff's appeal on the grounds that she failed to note her appeal in a timely fashion and failed to comply with certain provisions of the North Carolina Rules of Appellate Procedure. After careful consideration of the parties' challenges to Judge Hight's and Judge Godwin's orders in light of the record and the applicable law, we conclude that we should reach the merits of Plaintiff's challenges to Judge Hight's orders and that the challenged orders should be affirmed.

## I. Factual Background

Plaintiff was a passenger on a motorcycle driven by Defendant Frank C. Levitsky that was involved in an accident on 12 September 2009 in Currituck County. At the time of the accident, Plaintiff had underinsured motorist coverage under a policy issued by Defendant USAA Casualty Insurance Company,

which afforded Plaintiff the right to seek resolution of certain disputes which she might have with Defendant USAA arising from a claim under her underinsured motorist coverage by means of arbitration.

On 20 January 2011, Plaintiff filed a complaint alleging that she had suffered permanent injury as a result of Defendant Levitsky's negligence. After Defendant Levitsky's liability carrier, Progressive Insurance Company, tendered its policy limits of $50,000, Plaintiff released Progressive, which was subsequently absolved from any further duty to defend Defendant Levitsky, and entered into a covenant not to seek a personal recovery against Defendant Levitsky.

On 22 August 2011, Plaintiff filed a motion to stay further proceedings in this case and to compel arbitration in reliance upon the underinsured motorist provisions of the USAA policy.[1] On 29 August 2011, Defendant USAA filed an answer in which it denied that Plaintiff had been injured as a result of Defendant Levitsky's negligence and asserted that Plaintiff's claim was barred by contributory negligence and assumption of the risk. On 1 September 2011, Defendants filed a response to Plaintiff's

---

[1]According to the policy in question, the insured might "demand to settle" any "dispute" concerning "[w]hether that insured is legally entitled to recover compensatory damages from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle" or "the amount of such damages" by arbitration.

motion to compel arbitration and stay proceedings in which it requested that Plaintiff's motion be denied in order to allow the parties to conduct discovery and participate in mediation. On 7 October 2011, Judge Jerry R. Tillett entered an order granting Plaintiff's motion to compel arbitration.

On 27 March 2012, the parties entered into an Arbitration Agreement and Stipulations, filed on 9 April 2012, which provided that the arbitration panel would determine, "[f]rom the evidence presented, what amount of damages, if any, is recoverable by Plaintiff in excess of the sum ($50,000.00) paid by the primary carrier?" In addition, the parties stipulated, for purposes of the arbitration proceeding, that "Plaintiff alleges that Defendant Levitsky was negligent in the operation of his motor vehicle and that his negligence was a proximate cause of some injury to Plaintiff" and that "Defendant [Levitsky] alleges that he was not negligent, or in the alternative, as a gratuitous passenger, plaintiff assumed the risk of her injury (contributory negligence)."

A panel of three arbitrators conducted an arbitration hearing relating to the claims that Plaintiff had asserted against Defendants on 30 March 2012. On 30 March 2012, the arbitration panel signed an award providing that "[t]he plaintiff has failed to prove by a preponderance of the evidence

that the wreck and any injuries suffered by the plaintiff were caused by the negligence of the defendant Frank C. Levitsky." On 3 April 2012, Plaintiff sent a letter to the panel members requesting that they correct their decision and make an award in favor of Plaintiff on the grounds that the issue of whether Plaintiff had been injured by Defendant Levitsky's negligence had not been submitted to the panel for its consideration. On 11 April 2012, Defendant USAA sent a letter to the members of the arbitration panel requesting that they deny Plaintiff's request and file the arbitration award with the court. On 18 April 2012, the arbitration panel, over the dissent of one member, ordered that "this arbitration hearing resume only for consideration of evidence from both parties on the issue of the defendant Levitsky's negligence, if any, and the plaintiff's contributory negligence, if any."[2]

On 9 May 2012, Plaintiff filed a motion in which she contended that the arbitration agreement did not provide for a decision with respect to the issue of liability and requested that "the court . . . order the arbitration panel to make an award pursuant to the issue submitted under the agreement." On 18 June 2012, Plaintiff amended the 9 May 2012 motion to include a request that the court "vacate the [arbitration] verdict/award

[2]The record does not reflect that any further proceeding was ever held before the arbitration panel.

pursuant to [N.C. Gen. Stat. §] 1-569.24(a)(2) and order the arbitration panel to make an award pursuant to the issue submitted under the agreement." On 8 June 2012, Defendant USAA filed a motion seeking the entry of an order confirming the arbitration award pursuant to N.C. Gen. Stat. § 1-569.22. After a hearing concerning these motions was held on 16 July 2012, Judge Hight entered an order on 27 July 2012 granting Defendant's motion to confirm the arbitration award and ordering that the award be filed with the office of the Clerk of Superior Court.

On 6 August 2012, Plaintiff filed a motion for a new trial in which she requested that Judge Hight's order confirming the arbitration award be amended to include findings of fact and conclusions of law and to reflect that Plaintiff's motion had been altered from a motion to correct the arbitration award to a motion to vacate the award. On 10 August 2012, Judge Hight entered a second order granting Defendant USAA's motion to confirm the arbitration award which was identical to the 27 July 2012 order. As a result of her concern that the 10 August 2012 order would be construed as a denial of Plaintiff's motion for a new trial, Plaintiff noted an appeal from both of Judge Hight's orders on 10 September 2012.

On 14 September 2012, Plaintiff entered into an arrangement with the court reporter to prepare a transcript of the hearing which had been held before Judge Hight. On 8 November 2012, the court reporter delivered the hearing transcript to counsel for Plaintiff. On 17 December 2012, Plaintiff sought and obtained an extension of time to serve her proposed record upon Defendant. Plaintiff served a proposed record on appeal on Defendant on 14 January 2013. On or about 23 January 2013, Defendant USAA served a motion on Plaintiff seeking to have Plaintiff's appeal dismissed on the grounds that Plaintiff had failed to file and serve a copy of her agreement with the court reporter for the preparation of the hearing transcript, that Plaintiff had failed to serve her proposed record on appeal upon Defendant USAA in a timely manner, and that Plaintiff had failed to provide Defendant USAA with notice of her intention to seek an extension of time to serve her proposed record on appeal. This motion to dismiss was filed on 21 February 2013. After a hearing held on 18 February 2013, Judge Walter H. Godwin, Jr., entered an order denying Defendant USAA's dismissal motion on 19 March 2013.

## II. Substantive Legal Analysis

### A. Defendant's Appeal

In the sole argument advanced in its appellant's brief, Defendant USAA challenges the validity of Judge Godwin's decision to deny its motion to dismiss Plaintiff's appeal. More specifically, Defendant USAA argues that Plaintiff did not note an appeal from the 27 July 2012 order in a timely manner; that Plaintiff failed to file documentation indicating that she had contracted with the court reporter for the delivery of the transcript with the Clerk of Superior Court or serve that documentation on counsel for Defendant in a timely manner; and that Plaintiff failed to serve a proposed record on appeal in a timely manner given that the order extending Plaintiff's time to serve the record on appeal had been improperly obtained on an *ex parte* basis, with this contention resting on the theory that, since Plaintiff failed to serve any documentation that the transcript had been ordered from the court reporter in a timely manner and since the court reporter's certificate that the transcript had been delivered was not filed or served in a timely manner, Plaintiff's extension motion had been filed after the expiration of the time within which the proposed record on appeal should have been served on counsel for Defendant. Aside from the fact that most of the arguments advanced in support of Defendant's challenge to Judge Godwin's order rest on non-jurisdictional, rather than jurisdictional, deficiencies in the

appellate process, *Dogwood Dev. & Mmgt. Co., LLC v. White Oak Transport Co., Inc.*, 362 N.C. 191, 198-99, 657 S.E.2d 361, 365-66 (2008) (stating that "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal" unless the rule violations "rise to the level of a 'substantial failure' or 'gross violation'"), the record contains no indication that Defendant actually noted an appeal from Judge Godwin's order[3] or filed a separate dismissal motion with this Court. However, given that at least one of Defendant's arguments does raise jurisdictional issues,[4] *Booth v.*

---

[3]According to N.C.R. App. P. 28(c), an appellee is entitled to "present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." However, a contention that the trial court erroneously failed to dismiss another party's appeal is not the sort of "alternative basis" "supporting the . . . order from which appeal has been taken" contemplated by N.C.R. App. P. 28(c) given that such an "alternative basis" needs to be another ground upon which the trial court could have reached the same substantive result embodied in the "judgment, order, or other determination from which appeal has been taken" rather than a basis for precluding the opposing party from obtaining appellate review of the challenged "judgment, order, or other determination."

[4]The extent to which Plaintiff's notice of appeal from Judge Hight's 27 July 2012 order was timely filed and served depends upon the extent to which Plaintiff's motion for a new trial, which was filed on 6 August 2012, sufficed to trigger the provision of N.C.R. App. P. 3(c)(3) tolling the period of time within which a notice of appeal must be filed in a civil case in the event that any party makes a timely motion pursuant to N.C. Gen. Stat. § 1A-1, Rules 50(b), 52(b) or 59. Although we are inclined to agree with Judge Godwin that Plaintiff's motion

*Utica Mut. Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) (stating that a "[f]ailure to give timely notice of appeal in compliance with . . . Rule 3 . . . is jurisdictional, and an untimely attempt to appeal must be dismissed"), and the fact that "[a] jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal," *Dogwood Dev.*, 362 N.C. at 197, 657 S.E.2d at 365, we elect, without expressing any opinion concerning the validity of Defendant's challenge to the timeliness of Plaintiff's notice of appeal and in the exercise of our discretion, to treat the record and briefs as a request for the issuance of writ of *certiorari* and grant the requested writ for the purpose of addressing Plaintiff's challenges to Judge Hight's orders upholding the arbitration award and apparently denying Defendant's request for reconsideration. *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (stating that "[w]e conclude that [N.C.R. App. P.] 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner"). As a result, we will now

operated to extend the time within which Plaintiff was entitled to note her appeal from the 27 July 2012 order, we need not make a definitive decision with respect to this issue given that we have elected to issue a writ of *certiorari* to permit review of Plaintiff's challenges to Judge Hight's orders on our own motion.

turn our attention to the merits of Plaintiff's challenges to Judge Hight's orders.

## B. Plaintiff's Appeal

### 1. Motion to Vacate Arbitration Award

In her initial challenge to the trial court's orders, Plaintiff argues that the trial court erred in failing to grant her motion to vacate the arbitration award because the arbitration panel exceeded its authority by basing its award on an issue not submitted for its decision. More specifically, Plaintiff contends that the issue of Defendant Levitsky's negligence was not placed in dispute by the arbitration agreement and that the only issue properly before the arbitration panel was the amount of damages to which Plaintiff was entitled. We do not find Plaintiff's argument persuasive.

According to well-established North Carolina law, "[j]udicial review of an arbitration award is severely limited in order to encourage the use of arbitration and in turn avoid expensive and lengthy litigation[,]" so that "'an arbitration award is presumed valid, and the party seeking to vacate it must shoulder the burden of proving the grounds for attacking its validity.'" *First Union Secs., Inc. v. Lorelli,* 168 N.C. App. 398, 400, 607 S.E.2d 674, 676 (2005) (citing *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994), *cert*

*denied*, 513 U.S. 1112, 115 S. Ct. 903, 130 L. Ed. 2d 786 (1995), and quoting *Carpenter v. Brooks*, 139 N.C. App. 745, 751, 534 S.E.2d 641, 646, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 91 (2000)); *see also Turner v. Nicholson Properties, Inc.*, 80 N.C. App. 208, 211, 341 S.E.2d 42, 45 (stating that "'[a] foundation of the arbitration process is that by mutual consent the parties have entered into an abbreviated adjudicative procedure, and to allow "fishing expeditions" to search for ways to invalidate the award would tend to negate this policy'") (quoting *Fashion Exhibitors v. Gunter*, 291 N.C. 208, 217, 230 S.E.2d 380, 387 (1976)), *disc. review denied*, 317 N.C. 714, 347 S.E.2d 457 (1986). For that reason, the "general rule [is] that 'errors of law or fact, or an erroneous decision of matters submitted to [arbitration], are insufficient to invalidate an award fairly and honestly made.'" *Turner*, 80 N.C. App. at 212, 341 S.E.2d at 45 (quoting *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 411, 255 S.E.2d 414, 417–18 (1979)). As a result, "[i]f the dispute [resolved by the arbitrator] is within the scope of the arbitration agreement, then the [trial] court must confirm the [arbitration] award unless one of the statutory grounds for vacating or modifying the award" enumerated in N.C. Gen. Stat. §§ 1-569.23 and 569.24 exists. *Carteret County v. United Contractors of Kinston, Inc.*, 120 N.C. App. 336, 346, 462

S.E.2d 816, 823 (1995) (citing *FCR Greensboro, Inc. v. C & M Investments*, 119 N.C. App. 575, 577, 459 S.E.2d 292, 294, *cert. denied*, 341 N.C. 648, 462 S.E.2d 510 (1995)).

According to N.C. Gen. Stat. § 1-569.23(a)(4), "[u]pon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if" "[a]n arbitrator exceeded the arbitrator's powers[.]" "Before the award can be vacated on the grounds that the arbitrator[] exceeded [his] authority, the record must objectively disclose that the arbitrator[ ] did exceed [his] authority in some respect." *G.L. Wilson Building Co. v. Thorneburg Hosiery Co., Inc.*, 85 N.C. App. 684, 689, 355 S.E.2d 815, 818, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987).

An arbitrator's ability to act is both created and limited by the authority conferred on him by the parties' arbitration agreement. *See Calvine Cotton Mills, Inc. v. Textile Workers Union*, 238 N.C. 719, 722, 79 S.E.2d 181, 183 (1953) (citing *Thomasville Chair Co. v. United Furniture Workers*, 233 N.C. 46, 49, 62 S.E.2d 535, 537 (1950)) (stating that "an arbitrator must act within the scope of the authority conferred on him by the arbitration agreement"). For that reason, the only claims which an arbitrator is entitled to decide are those submitted for his

or her decision. *Faison & Gillespie v. Lorant*, 187 N.C. App. 567, 573, 654 S.E.2d 47, 51 (2007). "To determine whether the parties agreed to submit a particular dispute or claim to arbitration, we must look at the language in the agreement, *viz.*, the arbitration clause, and ascertain whether the claims fall within its scope." *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 23-24, 331 S.E.2d 726, 731 (1985), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 29 (1986). As a result, the ultimate issue raised by Plaintiff's challenge to the 27 July 2012 order is the extent, if any, to which the arbitration agreement allowed the arbitrators to consider the issue of whether Plaintiff had been injured as the result of Defendant Levitsky's negligence, with this issue being a matter of contract construction which we review using a *de novo* standard of review. *Shelton v. Duke Univ. Health Sys., Inc.*, 179 N.C. App. 120, 123, 633 S.E.2d 113, 115 (2006), *disc. review denied*, 361 N.C. 357, 643 S.E.2d 591 (2007).

"There have been 'only a few cases in which our courts have held that an arbitrator exceeded his powers.'" *Smith v. Young Moving & Storage, Inc.*, 167 N.C. App. 487, 490, 606 S.E.2d 173, 176 (2004) (quoting *Howell v. Wilson*, 136 N.C. App. 827, 830, 526 S.E.2d 194, 196 (2000)).

> In *Wilson Building Co. v. Thorneburg Hosiery Co.*, 85 N.C. App. 684, 355 S.E.2d 815

(1987), we concluded that, because the amount of attorney's fees for debts and obligations is set by statute, the arbitrator exceeded his authority by ordering fees in excess of that amount. More instructive, however, is the case of *FCR Greensboro, Inc. v. C & M Investments*, 119 N.C. App. 575, 459 S.E.2d 292 (1995). In that case, the parties submitted for arbitration the amount of liquidated damages caused by the defendant completing construction of a building after the agreed-upon date. The arbitrator awarded plaintiff these damages, but then also awarded plaintiff two other kinds of damages: (1) liquidated damages caused by delays in starting construction; and (2) reimbursement for certain changes plaintiff made to the sprinkler system that was installed. We held that the arbitrator exceeded his powers by making these additional awards.

These two cases illustrate that an arbitrator exceeds his authority when he arbitrates *additional claims* and matters not properly before him.

*Faison & Gillespie*, 187 N.C. App. at 574-75, 654 S.E.2d at 52 (quoting *Howell*, 136 N.C. App. at 830, 526 S.E.2d at 196 (citations omitted)). "In other words, the arbitrators in these earlier cases acted contrary to the express authority conferred on them by statute and by the language of the parties' private arbitration agreement." *Faison & Gillespie*, 187 N.C. App. at 575, 654 S.E.2d at 52. No such situation exists in the present case.

The arbitration agreement submitted by the parties to the arbitration panel in this case provided that the arbitrators

were to determine "what amount of damages, if any, is recoverable by the Plaintiff in excess of the sum ($50,000.00) paid by the primary carrier," noting in the accompanying stipulations that Plaintiff had alleged that Defendant was negligent and that Defendant had alleged he was not negligent or, alternatively, that Plaintiff was contributorily negligent. The relevant language contained in the arbitration agreement clearly shows that the extent to which Plaintiff was entitled to recover any damages, the extent to which Defendant Levitsky was negligent, and the extent to which Plaintiff was contributorily negligent were all matters of dispute between the parties. As if the literal language of the arbitration agreement, which contained "if any" language clearly establishing that the arbitration panel was under no obligation to make any damage award in favor of Plaintiff,[5] did not suffice to make the nature

---

[5]In seeking to persuade us that the presence of the "if any" language in the arbitration agreement was not sufficient to indicate the existence of an issue concerning the extent to which Plaintiff was injured as the result of Defendant Levitksy's negligence or her own contributory negligence, Plaintiff directs our attention to decisions such as *Baker v. Malan Constr. Corp.*, 255 N.C. 302, 305, 121 S.E.2d 731, 733 (1961) (quoting McIntosh, *N.C. Prac. & Proc.* § 1353 (2d ed.), in which the Supreme Court held that "'[i]t is error to submit the single issue, "How much, if anything, is the plaintiff entitled to recover?"'" We do not believe that legal principles governing the manner in which issues should be submitted to a jury have much bearing upon the manner in which disputed contractual language should be construed given that the construction of contractual language involves an effort to

of the dispute between the parties clear, the record indicates that the first draft of the arbitration agreement, which Plaintiff sent to Defendant USAA for approval, contained no discussion concerning Defendant USAA's position with respect to Defendant Levitsky's negligence and Plaintiff's contributory negligence, a fact which shows that the arbitration agreement was amended to add language setting out Defendant USAA's contentions with respect to those issues. In view of the fact that the arbitration agreement was amended to include a description of Defendant USAA's contentions, Plaintiff was fully on notice that Defendant USAA had not conceded that Plaintiff was entitled to an award of damages in the arbitration proceeding. For all of these reasons, we have no difficulty in concluding that the arbitration panel was expressly authorized by the arbitration agreement to determine whether Plaintiff was entitled to an award of additional damages at all. As a result, since the record does not "objectively disclose that the arbitrators did exceed their authority in some respect," *Wilson Building Co.*, 85 N.C. App. at 689, 355 S.E.2d at 818, we conclude that Plaintiff's challenge to Judge Hight's decision to

---

determine the intent of the parties while the form in which issues are submitted for a jury's consideration represents an attempt to ensure that the jury is directly confronted with and explicitly resolves the issues which are in dispute between the parties.

confirm the arbitration award and deny her request that the award be vacated lacks merit.

## 2. Motion to Confirm Arbitration Award

Secondly, Plaintiff contends that the trial court erred by granting Defendant USAA's motion for the entry of an order confirming the arbitration award on the grounds that the trial court should have granted Plaintiff's motion to vacate the arbitration award instead. In support of this contention, Plaintiff directs our attention to the arguments which she advanced in support of her challenge to Judge Hight's decision to deny her motion to vacate the arbitration award. We do not find Plaintiff's argument persuasive.

According to N.C. Gen. Stat. § 1-569.22, "[a]fter a party to an arbitration receives notice of an award, the party may make a motion to the court for an order confirming the award," with the court being obligated to enter an order "confirming the award . . . unless the award is modified or corrected pursuant to [N.C. Gen. Stat. §] 1-569.20 or [N.C. Gen. Stat. §] 1-569.24 or is vacated pursuant to [N.C. Gen. Stat. §] 1-569.23." As a result of the fact that he correctly refrained from vacating the arbitration award, Judge Hight had no choice except to confirm the award pursuant to N.C. Gen. Stat. § 1-569.22 and did not err by doing so.

### 3. Motion for New Trial

Finally, Plaintiff contends that Judge Hight erred by failing to grant her motion for a new trial, in which she requested that the trial court's order confirming the arbitration award be amended to include findings of fact and conclusions of law. According to Plaintiff, the record demonstrates the existence of material issues of fact which the trial court was required to resolve through the making of adequate findings of fact and conclusions of law. We are not persuaded by Plaintiff's argument.

"The trial judge is not required to make specific findings of facts and conclusions of law [in resolving the issues raised by a motion] absent a request to do so by the parties" made before the entry of the challenged order. *J.M. Dev. Grp. v. Glover*, 151 N.C. App. 584, 586, 566 S.E.2d 128, 130 (2002) (citations omitted).[6] Absent such a request, it is "'presumed

---

[6]Although Plaintiff's argument may rest upon the assumption that the 27 July 2012 order resulted from "an action[] tried upon the facts without a jury," N.C. Gen. Stat. § 1A-1, Rule 52(a)(1), rather than a decision made as the result of the filing of a motion, N.C. Gen. Stat. § 1A-1, Rule 52(a)(2), Plaintiff has made no explicit argument to that effect in her brief and has failed to explain why the proceedings which are before us in this case should not be treated as resulting from "motions," which is how the filings made by both parties are described in the literal language of N.C. Gen. Stat. §§ 1-569.22 and 1-569.23. *Viar v. N.C. Dept. of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (stating that "[i]t is not the role of the appellate courts . . . to create an appeal for

that the Judge, upon proper evidence, found facts to support'" the ruling. *Allen v. Wachovia Bank & Trust Co., N.A.*, 35 N.C. App. 267, 269, 241 S.E.2d 123, 125 (1978) (quoting *Haiduven v. Cooper*, 23 N.C. App. 67, 69, 208 S.E.2d 223, 225 (1974)). Although Judge Hight did not make any findings of fact or conclusions of law in support of the decisions reflected in the 27 July 2012 order, the record contains no indication that Plaintiff requested that such findings of fact and conclusions of law be made prior to the entry of that order. As a result, Judge Hight did not err by denying Plaintiff's request that the 27 July 2012 order be amended so as to include findings of fact and conclusions of law.[7]

---

an appellant"). As a result, we conclude that any obligation on the part of Judge Hight to make findings and conclusions would have been governed by N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) rather than N.C. Gen. Stat. § 1A-1, Rule 41 or N.C. Gen. Stat. § 1A-1, Rule 52(a)(1).

[7]In her brief, Plaintiff contends that she is entitled to a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(2) based upon alleged misconduct by Defendant USAA, with this contention having been predicated on the assertion that Defendant USAA "set forth unsworn facts that are disputed by the sworn testimony of the neutral arbitrator." Plaintiff's assertion, which appears to stem from a dispute between the parties over the validity of an assertion that Defendant USAA appears to have made in the court below to the effect that Plaintiff knew that the issue of liability was being litigated before the arbitration panel and had remained silent, is unaccompanied by any explanation of the manner and context in which Defendant USAA presented these "unsworn facts" to Judge Hight or the manner in which the presentation of these "unsworn facts" affected the outcome. Instead of moving to strike the

III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Plaintiff's challenges to the trial court's orders have merit. As a result, the trial court's orders should be, and hereby are, affirmed.

AFFIRMED.

Judges MCGEE and STEELMAN concur.

Report per Rule 30(e).

---

"unsworn facts" in question or requesting that Judge Hight make findings of fact and conclusions of law addressing the issues raised by these "unsworn facts," Plaintiff responded by simply filing contradictory affidavits. As a result of the fact that Plaintiff appears to have refrained from seeking any relief from Judge Hight stemming from the presentation of these "unsworn facts," Plaintiff is barred from raising any issue relating to Judge Hight's failure to make findings of fact addressing the use of these "unsworn facts" on appeal. As this Court has recently stated in reliance upon N.C.R. App. P. 10(a)(1), "[i[t is a well-established rule in our appellate courts that a contention not raised and argued in the trial court may not be raised and argued for the first time on appeal." *In re Hutchinson*, __ N.C. App. __, __, 723 S.E.2d 131, 133, *disc. review denied*, 365 N.C. 564, 724 S.E.2d 910 (2012). Thus, having failed to advance this contention in support of her request for reconsideration, Plaintiff is precluded from relying on this argument before this Court.